SALINE COUNTY BOARD OF
EDUCATION and ARKANSAS DEPARTMENT
OF EDUCATION *v.* HOT SPRING COUNTY BOARD
OF EDUCATION and MAGNET COVE SCHOOL
DISTRICT NO. 8

80-144                                    603 S.W. 2d 413

Supreme Court of Arkansas
Opinion delivered September 8, 1980

*Hall, Tucker, Lovell, Alsobrook & Moudy* and *Roger Giles*,
Asst. Atty. Gen., for appellants.

*Glover, Glover & Walthall,* for appellees.

FRANK HOLT, Justice. Rural Dale School District No. 4, consisting of portions of Saline and Garland Counties, was administered by the Saline County Board of Education. Since Rural Dale failed to achieve an "A" rating before June 1, 1979, the Saline County Board of Education abolished the Rural Dale District, as required by the Quality Education Act, Act 229 of 1969, Ark. Stat. Ann. § 80-4601, et seq. (Repl. 1980). The Saline Board then ordered that most of the dissolved district be annexed to the contiguous Benton School District in Saline County. The remaining portion, all located in Garland County, was ordered annexed to the contiguous Magnet Cove School District No. 8 in Hot Spring County. Patrons in this smaller portion so petitioned. The Hot Spring County Board of Education and Magnet Cove School District objected and petitioned the circuit court of Hot Spring County for a writ of certiorari, contending the annexation as to Magnet Cove was void. That court found that the Saline County Board of Education had no authority to assign territory within its jurisdictional boundaries to any school district outside its jurisdictional boundaries and held the assignment to the Magnet Cove District was void. The Saline County Board of Education and the Arkansas Department of Education, which was permitted to intervene, appeal from this ruling.

The controlling issue on appeal involves an interpretation of the Quality Education Act, § 80-4601, et seq. Section 80-4602 provides that any public elementary or secondary school with a rating of less than "A" is to be eliminated by June 1, 1979. Any district operating such a school shall be dissolved and annexed to another district or districts in which all schools have at least an "A" rating. That statute then provides in pertinent part:

> ... The County Board of Education shall abolish said districts and shall annex the territory of such districts to the receiving district or districts in a geographically contiguous manner. The receiving district or districts shall be designated by the County Board of Education and

said receiving district or districts are hereby mandated to accept such district or parts of districts.

Another section of the Act, § 80-4615, further provides in pertinent part in regard to administering the annexation:

> If an independent school district having territory in more than one county is to be annexed under the provisions of this act [§§ 80-4601 – 80-4615], the county board of education in which the district is administered shall be responsible for such annexation or annexations, unless said county board voluntarily releases to another county board or boards territory within their counties for the purpose of the annexation of said territory to an eligible district within their legal jurisdiction. Such county boards, if they accept such territory, and acceptance or rejection shall be at their option, are hereby mandated to take action in keeping with the dissolution and annexation provisions of this act.

We agree with appellant that these statutes authorize the assignment made by the Saline County Board to the contiguous Magnet Cove District in Hot Spring County. The Quality Education Act indicates the legislature intended that county lines are not controlling. To interpret the Act otherwise could result in confusion and diminish the purpose of the Act; namely, to improve the quality of educational opportunities. We do not perceive this is an impingement of the constitutional integrity of counties. We have long recognized, in matters of education, that our constitution (Article 14, § 1, as amended) vests in the legislature the duty and authority to make provisions for the establishment, maintenance and support of a common school system in our state. See *Lemaire* v. *Henderson*, 174 Ark. 936, 298 S.W. 327 (1927). The pertinent statute gives the administering county board, as here, the absolute authority to designate the receiving district, and such district is mandated by the legislature to accept the district or parts of districts to be annexed. The legislature has provided that the only limitation on this authority is the annexation must be done "in a geographically contiguous manner." There is no contention here that the annexation does not meet this criterion.

The Saline County School Board could have voluntarily released territory to the Garland County Board as to the administering of the mandated annexation, providing it was acceptable to the latter. § 80-4615. The Saline County Board, however, retained and properly exercised its authority.

Reversed and remanded for proceedings consistent with this opinion.