The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on the following question:
May a chairman of either the majority or minority party county committee, if he or she does not desire to serve on the County Board of Election Commission for any reason, appoint another person to serve in his or her stead on the County Board without having to resign his or her position as chairman?
It is my opinion that the answer to this question is, generally, "no". The relevant statute is found at A.C.A. 7-4-102 (Supp. 1987), as amended by Act 522 of 1989. That statute provides in subsection (a) as follows:
 The county chairman of the county committee of the majority party and the county chairman of the county committee of the minority party shall be members of the county board of election commissioners together with one (1) additional or third member to be appointed by the State Board of Election Commissioners. Provided, however, if the county chairman of a county committee of the majority party or the minority party is an elected official, he shall not serve as a member of the county board of election commissioners but shall appoint someone who is not an elected official to serve in his stead.
Additionally, Section 2 of Act 522 of 1989 provides:
 Every person who, on the effective date of this Act, is county chairman of the county committee of a majority or minority party and is also an elected official shall cease to be a member of the county board of election commissioners on May 1, 1989, and he shall appoint some person who is not an elected official to serve in his stead.
If the county chairman of either party is not an elected official, the statute provides that he "shall" be a member of the County Board of Election Commissioners. This language does not support the proposition that a party chairman who is not an elected official may "desire for any reason" not to serve as a member of the county board. Service on the board is mandatory, unless the chairman is an elected official. See generally, Loyd v. Knight,288 Ark. 474, 706 S.W.2d 393 (1986), (holding that the word "shall" when used in a statute means that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to an absurdity). See also Opinion No.89-99, a copy of which is enclosed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.