The Honorable Ed Gilbert State Representative P.O. Box 633 Mountain Home, AR 72653
Dear Representative Gilbert:
This is in response to your request for an opinion concerning the Arkansas Sewage Disposal Systems Act, codified at A.C.A. §§14-236-101—118 (1987 and Cum. Supp. 1991), and the regulations of the Health Department implementing the law. Your specific questions are as follows:
 1. May a county sanitarian design a sewage system without charging for the service?
 2. May a county sanitarian complete an application for the construction of a sewage system without charging for the service?
 3. May a county sanitarian conduct a percolation test or an equivalent test?
 4. Is a county sanitarian a `designated representative' within the meaning of Regulation 7.5?
 5. If a sanitarian violates the law or regulations, is the sanitarian subject to the penalties under A.C.A. § 14-236-106, under Regulation 7.9 or under any other law?
Most of your questions use the term "county sanitarian." However, because that specific term appears nowhere in the act, I will assume, for purposes of this opinion, that you are referring to those "sanitarian[s] assigned to the county or local area by the Division of Sanitarian Services of the Department of Health," referred to in A.C.A. § 14-236-103(13) (Cum. Supp. 1991) as "authorized agents."
With regard to your first question, it is my opinion that the answer is "yes." Any sewage systems designed by county sanitarians must be designed without charging for the service.
Arkansas Code of 1987 Annotated § 14-236-118 (Cum. Supp. 1991) allows designated representatives to charge reasonable fees for,inter alia, system designs. A designated representative is defined as "a person designated by the authorized agent to make . . . system designs. . . ." A.C.A. § 14-236-103(14) (Cum. Supp. 1991) and Reg. 1.6 of the Rules and Regulations Pertaining to Sewage Disposal Systems, Designated Representatives and Installers (hereinafter "Regulations"). The duties of county sanitarians, as authorized agents of the Division of Sanitarian Services, include "general supervision and authority over the location, design, construction, installation, and operation of individual sewage disposal systems." A.C.A. § 14-236-107. Section14-236-107(b)(6) allows the Division of Sanitarian Services or its authorized agents to collect fees for permits required pursuant to the Sewage Disposal Systems Act, and Section14-236-116 (Cum. Supp. 1991) sets out the particular fees which may be charged pursuant to the act. Thus, while a part of the regularly assigned duties of county sanitarians includes the design of sewage systems, with the exception of the collection of permit fees, the act grants no authority for the sanitarians to charge a fee for system designs.
It is my opinion that the answer to your second question is "no." While county sanitarians do not "complete applications" for the construction of a sewage system, they are assigned the duty of reviewing those applications, and they must collect the designated fee for this service.
Arkansas Code Annotated § 14-236-112(a) (Cum. Supp. 1991) states that it shall be unlawful to construct, alter or repair an individual sewage disposal system installed after July 1, 1977 unless a valid permit has been issued by the Division of Sanitarian Services of the Department of Health or its authorized agent. See also generally Regs. 7.1-7.9. Section 14-236-116
(Cum. Supp. 1991) mandates that a fee of thirty dollars ($30.00) be levied for the review of the sewage disposal permit applications. As authorized agents of the Division of Sanitarian Services, county sanitarians are responsible for reviewing the proposals for individual sewage systems and making inspections of the systems. A.C.A. § 14-236-111. Regulation 7.2 states that the permit fee must be paid after the issuance of Part 1 of the permit. Part 1 of the application form for the permit, which must be completed prior to initiating construction, includes such information as results of the percolation test, soil determination results, and the system design. This section, Part 1 of the permit application, must be completed by a designated representative. See Reg. 7.3A. After Part 1 is received, the county sanitarian is to collect the thirty dollar fee, review the application, inspect the system and give his approval or disapproval or the system. Parts II and III of the permit may subsequently be issued, which then allows the individual to begin operation of his system. See Reg. 7.3C.
In sum, it is thus my opinion that while it is the duty of the designated representative to complete Part 1 of the permit application for sewage system construction, the county sanitarian has the duty to review that application and his collection of the thirty dollar application review fee for that service is mandatory.
It is my opinion, in response to your third question, that the sanitarian assigned to the county by the Division of Sanitarian Services, i.e., the "authorized agent," cannot as a general matter conduct percolation tests or equivalent tests, except in connection with review and inspection duties. Other registered sanitarians who are appointed as designated representatives may, however, conduct these tests.
Regulation 2.7 states that sewage systems using soil absorption for effluent disposal must provide renovation to protect both the public's health and subsurface water supplies. A suitable soil must have a percolation rate within the range specified in the regulations, and a soil bore or pit is necessary to determine the soil's suitability. Regs. 2.7A and 2.8. Soil suitability tests are thus required to be performed (Reg. 2.8) and they must be made by a designated representative. Reg. 2.8.1. Arkansas Code Annotated § 14-236-103(14) (Cum. Supp. 1991) states that a designated representative is a person designated by the authorized agent to make percolation tests, system designs, and inspections subject to the authorized agent's final approval. "Designated representatives shall be registered professional engineers, registered land surveyors, licensed master plumbers, registered sanitarians, or other similarly qualified individuals holding current certificates from the State of Arkansas. . . ." A.C.A. § 14-236-103(14) (Cum. Supp. 1991).
Thus, the percolation tests are to be performed by designated representatives, who are appointed by the county sanitarians as authorized agents of the Division of Sanitarian Services. The definition of "designated representative" specifically includes "registered sanitarians, or other similarly qualified individuals holding current certificates from the State of Arkansas." Therefore, in my opinion, there appears to be nothing in the above provisions to prevent a county sanitarian, as an authorized agent, from designating another sanitarian, assuming he is properly registered, as a designated representative for purposes of conducting percolation tests. Similarly, in my opinion, it appears that a county sanitarian may designate other sanitarians who are otherwise "similarly qualified" and who "hold current certificates from the State of Arkansas" as designated representatives to perform percolation tests.
It does not appear, however, to have been the intent of the legislature for a county sanitarian, as an authorized agent, to designate himself as a designated representative. "Although the plain language of a statute is often controlling, it is impermissible to follow a literal reading that engenders absurd consequences where there is an alternative interpretation that reasonably effects the statute's purpose." Ashley, Drew Northern Ry. v. United Transp. Union, 625 F.2d 1357, 1365 (8th Cir. 1980). See also Loyd v. Knight, 288 Ark. 474,706 S.W.2d 393 (1986). It is my opinion that absurd consequences might result were a county sanitarian to appoint himself as a designated representative. That is, if a county sanitarian appointed himself as the designated representative to perform percolation tests, he would be placed in the untenable position of performing the required tests, reviewing those test results, and then issuing his approval or disapproval for the sewage system based on his inspection of the test. There would be the potential for a conflict of interest in such a situation. The definition of "designated representative" thus, of necessity, must exclude authorized agents. To the extent that your question focuses on whether the "sanitarian assigned to the county or local area by the Division of Sanitarian Services," as the authorized agent, may be appointed as a designated representative for purposes of performing percolation tests, it is my opinion that the answer is "no."
It appears to have been the intent of the legislature to circumvent the potential for such a conflict of interest in its creation of the present bifurcated system, where one person performs the required tests and another reviews the test results and issues his approval or disapproval of the system. This system of checks and balances is further evidenced by the county sanitarian's oversight function whereby he has authority for final approval over the designated representative's percolation tests, system designs and inspections. A.C.A. § 14-236-103(14) (Cum. Supp. 1991). The legislature appears to have offered a reasonable alternative to such a conflict scenario in providing for the ability of the county sanitarian, as an authorized agent, to designate "registered professional engineers, registered land surveyors, licensed master plumbers, registered sanitarians, orother similarly qualified individuals holding currentcertificates from the State of Arkansas" as designated representatives. (Emphasis added.) See A.C.A. § 14-236-103(14) (Cum. Supp. 1991).
The Arkansas Department of Health also appears to have realized this potential conflict, and in an apparent effort to prevent such an occurrence, has issued a policy restricting all health department sanitarians and other employees from conducting percolation tests for monetary gain. See Policy of Arkansas Department of Health issued August 14, 1978. It thus appears that sanitarians who are authorized agents are permitted to perform those percolation tests which are required by virtue of their other duties, e.g., as part of their final approval of tests performed by designated representatives or during the performance of inspections. See A.C.A. §§ 14-236-103(14) and 14-236-111
(1987 and Cum. Supp. 1991). These tests, however, may not be performed for monetary gain. The monetary gain prohibition would, similarly, apply to any other sanitarian employed by the Health Department.
That part of your question which inquires as to whether county sanitarians may perform "equivalent tests" may be analyzed in a similar manner. While the Sewage Disposal Systems Act specifically refers to "percolation tests," the regulations appear to contemplate the use of alternative testing methods. The Arkansas Supreme Court has held that "[t]he interpretation of a statute by an administrative agency, while not conclusive, is highly persuasive." Arkansas Contractors Licensing Bd. v. ButlerConstr. Co., 295 Ark. 223, 225, 748 S.W.2d 129 (1988). Regulation 2.7 states that the first procedure in the design of a subsurface sewage absorption system is to determine the suitability of the soil. Soil suitability tests are thus required to be performed. Reg. 2.8. Regulation 2.6 states that, pursuant to a policy of "good management practices," modifications to standard septic tank systems (i.e., determination of soil suitability) may be made which will make such systems more efficient, or which could make such systems acceptable in marginal soil conditions. Neither the act nor its implementing regulations appears to evidence an intention to prevent properly designated "registered sanitarians, or other similarly qualified individuals holding current certificates from the State of Arkansas" from conducting such equivalent or alternative tests. Again, however, the potential for any conflict of interest would need to be addressed and the authorized agent could not appoint himself as a designated representative for purposes of performing the tests.
In sum, while an authorized agent, i.e., "the sanitarian assigned to the county or local area by the Division of Sanitarian Services of the Department of Health", may not appoint himself as a "designated representative", there appears to be nothing to prohibit him from appointing other county sanitarians who are "registered sanitarians, or other similarly qualified individuals holding current certificates from the State of Arkansas" as designated representatives for purposes of performing percolation or other equivalent tests.
In response to your fourth question, it is my opinion that a county sanitarian may in some instances be regarded as a designated representative within the meaning of Regulation 7.5.
Regulation 7.5 states:
 Designated Representatives. Each Designated Representative who operates within the State of Arkansas regardless of wherever the home office may be, must be registered by the Department. The registration will be issued by the Department or its authorized agent upon successful completion of an examination and compliance with the provisions of the Rules and Regulations. A Designated Representative must attend at least one (1) annual training course provided by the Department in order to maintain registration. The registration shall be renewable on January 1 of each year, and failure to renew by March 1 shall require re-examination in order to become registered.
 The Designated Representative's registration may be revoked by an authorized agent of the Department, without advance notice whenever any provision of these Rules and Regulations is violated. The Designated Representative may appeal such revocation as provided for in the Arkansas Administrative Procedure Act.
 Each Designated Representative must furnish proof of current registration upon request by an authorized agent of the Department.
As set out in the answer to your previous question, a county sanitarian, as an authorized agent of the Division of Sanitarian Services, may designate individuals to be designated representatives. And because the definition of "designated representative" includes "registered sanitarian," it is my opinion that a county sanitarian may in some instances properly be appointed as a designated representative for purposes of the act. It is my opinion that this definition would, however, of necessity, exclude authorized agents from the definition of "designated representative." That is, a county sanitarian, as an authorized agent, may not appoint himself as a designated representative for purposes of the act. It is also my opinion that the same would apply for purposes of Regulation 7.5. That is, provided a county sanitarian is properly registered and attends the annual training course as required by the Regulation, and provided there is no conflict of interest and he performs no tests for monetary gain, there appears to be nothing to prevent an authorized agent from appointing him as a "designated representative" within the meaning of Regulation 7.5.
The general nature of your fifth question precludes a comprehensive response. However, assuming that the alleged violation occurs in connection with the approval or disapproval of a sewage system, it is my opinion that the answer is generally "no." Sanitarians who are assigned to the county or local area by the Division of Sanitarian Services as "authorized agents" would generally not be subject to the penalties under A.C.A. §14-236-106 (Cum. Supp. 1991).[1]
Arkansas Code Annotated § 14-236-106 (Cum. Supp. 1991) states in pertinent part:
 (a)(1) A person who shall willingly and knowingly violate the provisions of this chapter shall be liable to the party aggrieved or damaged by that violation for the cost of the suit, including a reasonable attorney's fee, actual damages, and additional punitive damages equal to twenty-five percent (25%) of the damages proven by the aggrieved party. . . .
* * *
 (b) The Division of Sanitarian Services of the Department of Health or its authorized agent is authorized to require the property owner to take the necessary action to correct the malfunctioning individual sewage disposal system within thirty (30) working days of being notified, after which, each day's failure to take corrective action shall be punishable by a fine or not less than five dollars ($5.00) and no more than fifteen dollars ($15.00).
 (c) Any person, firm, corporation, or association, with the exception of the homeowner, who violates any of the provisions of this chapter or any rules and regulations promulgated under the authority of this chapter shall, upon conviction, be deemed guilty of a misdemeanor and shall be punished by a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500) or by imprisonment not exceeding one (1) month, or both.
However, A.C.A. § 14-236-108 (Cum. Supp. 1991) states:
 The Division of Sanitarian Services of the Department of Health and its authorized agents, when performing their duties as prescribed by established policies and procedures, are exempt from any liability for damages or claims resulting from its approval or disapproval of the installation or operation of any individual sewage disposal system.
As a general matter then, county sanitarians who are authorized agents and who are performing their duties of approval or disapproval of a sewage system are exempt from liability. This exemption would not, however, appear to encompass other registered sanitarians. These persons would, it seems, be subject to the penalties under § 14-236-106, to the extent of violations that occur "willingly and knowingly."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
[1] Regulation 7.9 would not be applicable as it predates A.C.A. § 14-236-106 (Cum. Supp. 1991). The statute thus would be the controlling penalty provision.