The Honorable David S. Clinger Prosecuting Attorney 19th Judicial District 100 Northeast "A" Street Bentonville, AR 72712
Dear Mr. Clinger:
This is in response to your request for an opinion on the following questions regarding "meritorious good time" for county and city prisoners in Arkansas:
 (1) The Arkansas Code, at Section 12-41-101 et seq. provides for "meritorious good time" for county prisoners. Are the provisions dealing with "meritorious good time" mandatory or advisory?
 (2) If the portion of the code concerning "meritorious good time" is in fact mandatory, are there any limitations on the rules and regulations that the Sheriff may promulgate?
 (3) Is the portion of the Code concerning "meritorious good time" unconstitutional as it appears to treat similarly situated persons differently violating equal protection?
In short, it is my opinion that the meritorious good time provisions in question are mandatory, that there are limitations on the rules and regulations the sheriff may promulgate thereunder, and that the provisions do not violate equal protection.
Arkansas Code Annotated § 12-41-101 (1987) provides:
 (a) From March 28, 1979, an inmate committed by any court in Arkansas to a county or city jail in the State of Arkansas may be entitled to a reduction, to be known as "meritorious good time," from his maximum term of up to ten (10) days for each month served in the county or city jails maintained in the State of Arkansas by the various counties and municipalities.
 (b) Meritorious good time shall be awarded under the rules and regulations promulgated by the county sheriff or chief of police and approved by the county quorum court of the various counties, or the city legislative body of the various cities. It shall be administered by the county sheriff or chief of police, subject to the provisions of this subchapter, for good discipline, good behavior, work practices, and job responsibilities within the county or city jail. (Emphasis added)
In addition, Section 12-41-102 provides, in pertinent part:
 (c)(1) Inmates in Class I shall be allowed to earn ten (10) days' reduction for each month served;
 (2) Those in Class II shall be allowed to earn five (5) days' reduction for each month served; and
 (3) Those in Class III shall not be entitled to earn meritorious good time. (Emphasis added)
In response to your first question, it is my opinion that by using the word "shall" in §§ 12-41-101 and -102, the legislature intended for the provisions regarding meritorious good time for county and city prisoners to be mandatory. Generally speaking, use of the word "shall" in a statute means that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to an absurdity. Loyd v. Knight,288 Ark. 474, 706 S.W.2d 393 (1986). Interpreting the meritorious good time provisions above as mandatory simply means that meritorious good time must be awarded to those city and county prisoners who have earned it, in accordance with the rules and regulations promulgated by the county sheriff or chief of police and approved by the appropriate county or city legislative body, a result that is clearly not an absurdity.
You have next asked whether there are any limitations on the rules and regulations that the Sheriff may promulgate pursuant to these provisions. It is my opinion that the sheriff's rules and regulations must be promulgated in accordance with the provisions of A.C.A. §§ 12-41-101 to -103 (1987) regarding classification of inmates, the amount of good time that can be earned, and the forfeiture and restoration of good time. An additional limit placed upon the sheriff's promulgation of rules and regulations is the requirement that they be approved by the county quorum court. See A.C.A. § 12-41-101(b). Finally, it goes without saying that the sheriff's rules and regulations must not otherwise violate the law.
Your final question is whether the meritorious good time provisions of § 12-41-101 et seq. unconstitutionally violate these prisoners' right to equal protection of the law. The equal protection clause guarantees that all persons similarly situated will be treated similarly by the government. In my opinion, the meritorious good time provisions in question contemplate and effectuate similar treatment for similarly situated prisoners. They provide for the classification of prisoners on the basis of behavior, good discipline, and job responsibility, with the amount of good time a prisoner may earn being dependent upon his or her classification. See § 12-41-102. In my opinion, an equal protection argument based upon these provisions would be unsuccessful. It would be seemingly easy for the State to demonstrate that the provisions are rationally related to a legitimate government purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh