The Honorable Jim Bob Steel Prosecuting Attorney Ninth Judicial District-West P.O. Box 548, 219 N. Main Nashville, AR 71852
Dear Mr. Steel:
This is in response to your request for an opinion concerning Act 833 of 1991. I will restate your questions in the order that they were posed.
 1) Can Rural Fire Departments use money from Act 833 for any purpose, or is it limited to new equipment?
Act 833 of 1991 is codified at A.C.A. 14-284-401 to -409 (Cum. Supp. 1993), and 26-57-614 (Cum. Supp. 1993). This Act establishes and provides for the distribution of "insurance premium tax monies." In answering your question, I am assuming that the rural fire department in question is certified by the Office of Fire Protection Services pursuant to 20-22-801 to -809. Section 14-284-404 provides for the use of funds under Act 833. The applicable portion is set out below:
 Such funds shall be used to defray training expenses of fire fighters at the Arkansas Fire Training Academy and fire training centers certified by the Arkansas Fire Protection Services Board, for the purchase and improvement of, or for pledging as security for a period of not more than ten (10) years in the financing of the purchase and improvement of, fire fighting equipment and initial capital construction or improvements of fire departments.
A.C.A. 14-284-404(a)(1) (Cum. Supp. 1993).
According to this statute, the funds "shall" be used for training expenses, the purchase and improvement of equipment or security for financing such equipment, and initial capital construction or capital improvements. The word "shall" when used in a statute means that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to an absurdity. Lloyd v. Knight,288 Ark. 474, 706 S.W.2d 393 (1989). It is my opinion, therefore, that the funds are not limited to the purchase of new equipment. However, the money cannot be used for a purpose not designated by the statute.
 2) Does Act 833 bar the County from giving financial aid to Rural Fire Departments?
In answering this question, I am assuming that the rural fire department in your question is a volunteer fire department. This question is addressed by section 14-284-408, which provides:
 (a) Nothing in this subchapter shall be construed to prevent quorum courts and governing bodies of municipalities from contributing funds directly to any volunteer fire department or district serving such county or municipality.
 (b) Nothing in this subchapter shall be construed to prevent county, municipal, or local water utilities or associations from contributing water free of charge for fire fighting and training activities to volunteer fire departments and districts.
A.C.A. 14-284-408 (Cum. Supp. 1993).
It is my opinion that Act 833 does not bar the county from giving financial aid to rural fire departments.
 3) Is there a constitutional provision specifically that would prohibit a county from providing financial aid of any type to rural fire departments?
This question requires an analysis of Article 12, Section 5 of the Arkansas Constitution, which provides that:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
Several cases have addressed Article 12, Section 5 of the constitution. In 1923, the Arkansas Supreme Court decided that entities funded by government donations had to accomplish governmental functions. Bourland v. Pollock, 157 Ark. 538,249 S.W. 360 (1923) (City of Fort Smith contributed $1500 to the Fort Smith Federated Welfare Association). The reasoning is that absent the charity, the government would have to perform the function. In the cases following, the Arkansas Supreme Court established that if a contribution accomplished a governmental purpose, even indirectly, the donation was not unconstitutional. See City of Little Rock v. Neel, 204 Ark. 568,163 S.W.2d 525 (1942) and Hogue v. Housing Auth. of North Little Rock, 201 Ark. 263, 144 S.W.2d 49 (1940).
In 1956, the prevailing trend toward finding governmental donations to charitable entities constitutional if a public purpose was served was shaken. Halbert v. Helena-West Helena Ind. Dev. Corp., 226 Ark. 620, 625, 291 S.W.2d 802, 806 (1956) (statute that permitted local governments to purchase a membership in local industrial development corporations was unconstitutional, even though economic development fulfilled a public purpose). The court in Halbert stated, "when the Arkansas Legislature allowed the creation of local development corporations as private non-profit corporations, it could not at the same time allow counties or municipalities to grant financial aid to such corporations." In Halbert, the court did not mention Bourland, but rejected the application of Neel, stating that it was a borderline case. In 1990, the court decided City of Jacksonville v. Venhaus, 302 Ark. 204,788 S.W.2d 478 (1990), in which they condemned awards to nonprofit corporations. The court did not overrule Bourland or Neel expressly, however, so it is unclear if all charitable donations are unconstitutional.[1]
It is not clear from your question if the fire department in question is a private non-profit corporation. If the rural fire department in question is a private non-profit corporation, a donation by the county would be constitutionally suspect. If the rural fire department in question is not a private non-profit corporation, however, the answer to your question will depend upon the public status of the department. It would appear that Act 833, as codified at A.C.A. 14-284-408(a) would stand as general authority for counties to donate monies to volunteer fire departments. Although this statute might be constitutionally suspect as applied to a private nonprofit volunteer fire department, this office has previously opined that art. 12, 5 does not prohibit donations to other public or governmental entities. See Ops. Att'y Gen. 92-083 and 92-250.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:ddm/cyh
[1] It should be noted that the Arkansas Constitution does not prohibit local governments from contracting with a charitable corporation for services received. See, e.g., Op. Att'y Gen.91-358.