The Honorable Edward F. Thicksten State Representative P.O. Box 2019 Alma, AR 72921-2019
Dear Representative Thicksten:
This is in response to your request, received by this office on April 14, 1997, for an opinion as to whether the Governor has the lawful authority to veto Section 50 of House Bill 1810 of 1997. You note that the Governor has vetoed this provision.
It is my opinion, based upon the majority view, that a veto of Section 50 of H.B. 1810 is outside the Governor's item veto authority under Arkansas Constitution Article 6, Section 17.
House Bill 1810 is entitled:
 AN ACT TO MAKE AN APPROPRIATION FOR PERSONAL SERVICES AND OPERATING EXPENSES FOR THE DEPARTMENT OF EDUCATION-GENERAL EDUCATION DIVISION FOR THE BIENNIAL PERIOD ENDING JUNE 30, 1999; AND FOR OTHER PURPOSES.
Section 50 states:
 SPECIAL LANGUAGE. Of the total amount appropriated each fiscal year of the 1997-99 biennium for State Equalization Funding, the Department of Education shall allocate funding and distribute an amount not less than $1,294,000,000 during the 1997-98 fiscal year and an amount not less than $1,327,600,000 during the 1998-99 fiscal year for State Equalization Funding.
The "total amount appropriated" each fiscal year for "State Equalization Funding" appears in Section 1 of House Bill 1809, a separate bill. The Governor's veto power with respect to items of appropriation bills is found in Article 6, Section 17 of the Arkansas Constitution, which states as follows:
 The Governor shall have power to disapprove any item or items of any bill making appropriation of money, embracing distinct items; and the part or parts of the bill approved shall be the law, and the item or items of appropriations disapproved shall be void, unless repassed according to the rules and limitations prescribed for the passage of other bills over the executive veto.
The power of partial veto can thus be exercised only with respect to "any bill making appropriation of money, embracing distinct items[.]" Seealso, generally, Dickinson v. Page, 120 Ark. 377, 179 S.W. 1004 (1915). House Bill 1810 clearly constitutes such a bill.
It is my opinion that the answer to your question turns, instead, on whether Section 50 of H.B. 1810 constitutes an "item" of the appropriation bill for purposes of Article 6, Section 17. According to my research, there are no Arkansas cases construing this language. With regard to cases from other jurisdictions, one legal commentator has noted that "[f]or roughly a century, state courts have agonized over what is an `item' of appropriation." The Item Veto Power In Washington, 64 Wash. L. Rev. 891, 901 (1989). Another author has commented that "[t]he state item veto decisions resist easy classification." Briffault, The Item Veto inState Courts, 66 Temp. L. Rev. 1171, 1183 (1993). The absence of Arkansas precedent, coupled with the divergent decisions in other jurisdictions, prevents any certain prediction of an Arkansas court's approach to the issue. It is my opinion, however, that if challenged the veto of Section 50 of H.B. 1810 would likely be deemed ineffective.
My expedited review suggests that the issue will likely focus on whether Section 50 can be fairly characterized as setting aside or dedicating funds for a specified purpose, or whether instead it imposes a condition, limitation, restriction, or other proviso on the expenditure of the separately appropriated funds. Although there are cases to the contrary, it is generally stated that the former is an "item" in an appropriation bill for purposes of the item veto, while the latter is not. See Sutherland Stat. Const. § 16.08 (5th ed.); 82 C.J.S. Statutes § 54 (1953); 35 A.L.R. 600-604 (1925), supplemented in 99 A.L.R. 1276 (1935). See also generally Opinion of the Justices, 411 Mass. 1201,582 N.E.2d 504 (1991); State ex rel. Stephan v. Carlin, 230 Kan. 252,631 P.2d 668 (1981); Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593
(Tex.S.Ct. 1975); Commonwealth v. Dodson, 176 Va. 281, 11 S.E.2d 120
(1940). As stated in The Item Veto Power in Washington, supra:
 The most troublesome question courts confront in determining the scope of the item veto power is whether the governor may veto provisos that contain conditions and restrictions directing how appropriated monies must be spent. The majority view limits the executive's item veto power to the veto of money items. Conditions or restrictions placed on the appropriation items by the legislature are linked inextricably to those money items and cannot be vetoed while leaving the item intact. The rationale for this narrow view is that removal of conditions and restrictions supplants the governor's intent with that of the legislature in violation of the separation of powers doctrine.
Id. at 901.
This majority view may also emanate from the general perception of the item veto as an exception to the legislature's authority. SutherlandStat. Const., supra. The veto power must therefore be narrowly construed so that the executive branch does not usurp the powers granted to the legislative branch. Id.
Assuming that the Arkansas Supreme Court adopts this view, therefore, it is my opinion that the Governor cannot veto Section 50 of H.B. 1810 and thereby remove this restriction or proviso without disapproving, i.e., vetoing the general appropriation.[1] Although my research has not yielded a case squarely addressing the facts in this instance, it seems clear that Section 50 qualifies the appropriation or directs the use of appropriated funds. See generally Jessen Associates, Inc. v. Bullock, andCommonwealth v. Dodson, supra. It thus can be distinguished from a "money item" within the item veto power. The Item Veto Power in Washington,supra. The "money item," i.e., the item setting apart funds for a specific use, in this instance is found in Item (12) of Section 1 of H.B. 1809. See n. 1, supra. The Governor's option in a case such as this is to approve the entire item (with the restriction or condition) or disapprove the entire item (with the restriction or condition). Opinion of theJustices, 411 Mass. at 1206. He cannot veto the condition alone. Id.
It should perhaps also be noted that a separation of powers approach to the Governor's item veto power in this instance would, in my opinion, likely yield the same result. As noted in The Item Veto Power inWashington, supra at 904-905, "[m]any holdings show a judicial propensity for subjective decision making based on the separation of powers doctrine." In this regard, it must be noted that while the Governor is of course invested with "the supreme executive power of the State" (see Arkansas Constitution, art. 6, § 2), his specific power over budgetary matters arises solely by statute. See A.C.A. §§ 19-4-201 to -206 (Repl. 1994). Conversely, it has been noted by the Arkansas Supreme Court that the Arkansas Constitution vests in the legislature a constitutional responsibility to make provisions for a "general suitable, and efficient school system." See, e.g., DuPree v. Alma School District No. 30,279 Ark. 340, 651 S.W.2d 90 (1983); citing Serrano v. Priest, 557 P.2d 929,946 (Cal. 1976). The legislature is also invested with the constitutional duty to make provisions for the support of common schools. Saline CountyBoard of Education v. Hot Spring County Board of Education,270 Ark. 136, 603 S.W.2d 413 (1980); and LeMaire v. Henderson, 174 Ark. 936,298 S.W. 327 (1927). The language of Arkansas Constitution, art. 14, § 3, as retained by Amendment 74, states that: "The General Assembly shall provide for support of the common schools by general law." Arkansas Constitution, art. 14, § 3, as amended by Amendment 74, § 1.
In light of the above, therefore, it may reasonably be concluded in my opinion that the balance of powers would be struck in favor of the legislature's determination as to allocation of these state equalization funds.
This is not to say that all non-money items in an appropriation bill fall outside the executive veto. According to my research, there is a split in authority in other jurisdictions as to whether the governor's item veto authority extends to separable, general legislation that the legislature has incorporated in an appropriations bill.[2] Some courts allow the veto as to such provisions, reasoning that otherwise "general legislation included in a general appropriation bill would be rendered substantially veto-proof." Opinion of Justices to House of Representatives,384 Mass. 820, 825, 425 N.E.2d 750 (1981). Others limit the item veto to distinct items of appropriations in a bill. See, e.g.,Jessen Ass'n., Inc. v. Bullock, supra, State ex rel. Cason v. Bond, supra,
and Patterson v. Dempsey, 152 Conn. 431, 441, 207 A.2d 739 (1965). Despite this split, however, the majority rule, noted above, appears to control in the case of qualifications, restrictions, or provisos in connection with separately appropriated funds. Predicting what an Arkansas court would do if faced with the issue of general legislation is an uncertain business, at best. In any event, however, Section 50 of H.B. 1810 cannot reasonably be characterized as separable, general legislation. This opinion thus does not address the Governor's item veto authority as to such legislation.
In conclusion, it is my opinion that the Governor's item veto power does not extend to Section 50 of H.B. 1810 alone. I believe that if challenged, this would in all likelihood be viewed as an effort to eliminate a restriction or condition so as to enact the appropriation item (Item (12) Section 1 of H.B. 1809) free of the restriction. General authority in this area limits the item veto to the disapproval of the distinct item as a whole.
It should be recognized, however, as is readily apparent from a review of the above-referenced law review articles, that there is no uniform interpretation of the scope of the item veto power. Until an Arkansas court addresses the issue, a question will thus remain. Sole reliance upon this advisory opinion may therefore be inadvisable. If the Legislature opposes the Governor's veto in this instance, the most certain course of action would be to override the veto.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] As noted above, funds for "State Equalization Funding" were appropriated separately in Item (12) of H.B. 1809, Section 1.
[2] The Arkansas Constitution does not prohibit the addition of substantive legislative provisions in an appropriation bill, as long as "all [of the provisions in the appropriation] relate to but one subject."Arkansas Motor Carriers Ass'n, Inc. v. Pritchett, 303 Ark. 620, 626,798 S.W.2d 918 (1990).