The Honorable Andrew Morris State Representative 2503 Eidson Street Springdale, AR 72762-6610
Dear Representative Morris:
You have requested an Attorney General's opinion on the following provision from a recently drafted county ordinance:
ARTICLE III.
 Sec. 1: The Washington County Rural Development Committee shall consists [sic] of seven Justices of the Peace, four of which shall be from those four JP districts that contain a majority of rural lands in Washington County. The remaining three shall be appointed by the County Judge; and shall be approved by a majority vote of the Quorum Court.
You indicate that the drafter of this provision has relied upon the authority granted to quorum courts in A.C.A. § 14-14-904(d), to establish "procedural rules . . . adopted by ordinance."
Your question is:
Is the foregoing provision permissible under state law?
As an initial matter, I must note that the Attorney General is not authorized to construe local ordinances. Nevertheless, because you have raised a question that directly concerns the parameters of state law, I will address it to that extent.
Assuming that the Washington County Rural Development Committee is to be created under the authority of A.C.A. § 14-14-904(d),[1] it is my opinion that the proposed ordinance about which you have inquired is impermissible under state law.
Under the provisions of A.C.A. § 14-14-904 the members of special committees of county quorum courts are to be appointed by the presiding officer of the quorum court. The statute states:
 (d) PRESIDING OFFICER. The county judge shall preside over the quorum court without a vote but with the power of veto. In the absence of the county judge, a quorum of the justices by majority vote shall elect one (1) of their number to preside but without the power to veto. The presiding officer shall appoint all regular and special committees of a quorum court, subject to any procedural rules which may be adopted by ordinance.
A.C.A. § 14-14-904(d).
The requirement of appointment by the presiding officer is stated in mandatory terms (i.e., "shall," see Loyd v. Knight, 288 Ark. 474,706 S.W.2d 393 (1986)). Therefore, if the Washington County Rural Development Committee is, in fact, created under the authority of A.C.A. § 14-14-904(d), its committee members must be appointed by the presiding officer of the quorum court. The proposed ordinance about which you have inquired violates this requirement. It automatically requires that certain justices of the peace serve on the committee. By doing so, it takes away the presiding officer's power of appointment. In this regard, it is contrary to state law.
It should be noted that this office has previously opined that the phrase "subject to any procedural rules which may be adopted by ordinance" does not empower the quorum court to establish a method for creating special committees, but rather only to create rules of procedure for committees, once appointed in accordance with A.C.A. § 14-14-904. See Op. Att'y Gen. No. 95-084.
Assuming that the Washington County Rural Development Committee is to be a special committee created under A.C.A. § 14-14-904(d), I must conclude that proposed ordinance provision is contrary to A.C.A. § 14-14-904, and is therefore impermissible under state law. County quorum courts are authorized to exercise legislative power that is not denied by or contrary to state law. See Ark. Const., Am. 55, § 1; A.C.A. § 14-14-801.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] I base this assumption on your reference to that statute. I note that a county body whose purpose is to deal with issues concerning rural development can be created under the authority of (at least) two other state laws: A.C.A. § 14-14-705 and A.C.A. § 14-188-101 et seq. Although I do not analyze those provisions in that opinion, I note here that my conclusions would be the same as set forth herein, even if I were to assume that the committee is to be created under those statutes, because of conflicts between the ordinance and the statutes.