The Honorable Roy Ragland State Representative Post Office Box 610 Marshall, AR 72650-0610.
Dear Representative Ragland:
I am writing in response to your request for an opinion on the following questions concerning the method of electing the board of directors in a receiving school district that resulted from an annexation under Act 60 of the Second Extraordinary Session of 2003 (codified at Arkansas Code Title 6, Chapter 13, Subchapter 16 (Supp. 2005):
 May the receiving school district resulting from an Act 60 annexation effective on July 1, 2004, and that has a minority population of less than 10% as of the last decennial census elect its directors in the following manner:
 (a) Divide the district into zones with one director position assigned to each zone:
 (b) Require a director to be a resident of the zone for which he or she is running; and
 (c) Permit all of the qualified electors in the school district to vote on the entire slate of directors?
Emphasis original.
RESPONSE
In my opinion, the answer to this question is "no."
The referenced Act 60 of 2003 (2nd Ex. Sess.) (A.C.A. §§ 6-13-1601
— 1611 (Supp. 2005), hereinafter "Act 60") sets forth the procedures for administrative annexation or consolidation of school districts having an average daily membership of fewer than 350 students. As you have noted in your request for my opinion concerning the method of electing school board members following an annexation under Act 60, this law provides in relevant part that the board of directors of a receiving district under Act 60 is governed by A.C.A. § 6-13-1406. See A.C.A. § 6-13-1603(k) (Supp. 2005) ("The provisions of § 6-13-1406 shall govern the board of directors of each resulting or receiving school district created under this subchapter.").[1] Section 6-13-1406, which was enacted underAct 1225 of 2001, states in pertinent part that the board of a receiving district "shall be elected from single-member zones. . . ." A.C.A. § 6-13-1406(a)(3) (Supp. 2005). As you also note, however, another Code section — A.C.A. § 6-13-1412 — provides in relevant part that A.C.A. § 6-13-1406 "shall not be applicable for districts annexed underAct 60 of the Second Extraordinary Session of 2003 that follow the procedures in this section. . . ." A.C.A. § 6-13-1412(h) (Supp. 2005) (enacted under Act 274 of 2005). The "procedures" are set forth in subsection (e), and include the following regarding the election of board members following annexation:
 The board of directors shall be elected from single-member zones if single-member election zones are necessary to comply with the Voting Rights Act of 1965, as in existence on January 1, 2005, ensuring the protection of the voting rights of minority populations in school districts. Otherwise, the election may be at large for the board of director members whose terms are expiring.
A.C.A. § 6-13-1412(e)(2)(A) (Supp. 2005).
Turning to your question, assuming, as you have presupposed, that single-member zones are not required under the federal Voting Rights Act (42 U.S.C. § 1971 et seq.),[2] it seems clear that zone elections would not be required for the election of the school board in such a district.[3] Your question involves a proposed combination of a zoned district and at — large elections, where each candidate must be a resident of a zone, but is voted on by all of the qualified electors of the district. I assume the question is whether the school board could adopt such a plan of election.
Please note that I have enclosed a copy of Attorney General Opinion2006-201, which in my opinion decides this question. As noted therein, with the exception of certain statutes that either authorize or require election by zone, e.g., A.C.A. §§ 6-13-630 and-631, there are no statutes that require candidates for school board to be residents of a zone. The general requirement is that school board directors must reside in the districts they serve. Ark. Const. art. 19, § 4; A.C.A. § 6-13-616(a) (Repl. 1999). A candidate must reside in a zone only if he or she is to be to be elected by the residents of the zone. Any plan of election requiring a school board candidate's residence in a zone when the position is to be voted on by all of the district's electors would in my opinion require legislative authorization. As stated by the Arkansas Supreme Court:
 The Arkansas Constitution vests in the General Assembly the duty and authority to make provisions for the establishment, maintenance, and support of a common, i.e., public, school system in the state. Saline County Board of Education v. Hot Spring County Board of Education, 270 Ark. 136, 603 S.W.2d 413 (1980). Long ago, this court declared that "the legislative control over the organization of school districts and changes therein is supreme." Krause v. Thompson, 138 Ark. 571, 575, 211 S.W. 925, 926 (1919).
East Poinsett County Sch. Dist. No. 14 v. Massey, 315 Ark. 163, 166,866 S.W.2d 369 (1993).
In my opinion, this clearly establishes the legislature's general control over the method(s) of electing members of a school district's board of directors. Because no state law authorizes the method you have described, I must conclude that it is not permitted under current law.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE, Attorney General
[1] A "receiving district" is a district that receives territory or students, or both, from an "affected district," which is defined in relevant part as a "district that loses territory or students as a result of administrative annexation. . . ." A.C.A. § 6-13-1601(3) and (5) (Supp. 2005).
[2] See also A.C.A. § 6-13-631(b)(1)(B) (Supp. 2005) (applying to districts with a ten percent (10%) or greater minority population and requiring, with certain exceptions, "single-member zones in accordance with the federal Voting Rights Act of 1965, as amended.")
[3] This also assumes that the electors of the district have not petitioned for a zone-election system, pursuant to A.C.A. § 6-13-615
(Repl. 1999).