## IN THE MATTER OF L.C. BAILEY, An Incompetent

89-129                                    771 S.W.2d 779

Supreme Court of Arkansas
Opinion delivered July 3, 1989
[Rehearing denied September 11, 1989.]

*The Etoch Law Firm*, for appellant.

*David Solomon*, for appellee.

ROBERT H. DUDLEY, Justice. The trial court ordered the appointment of co-guardians for appellant's estate. We reverse and dismiss.

Appellees, Debbie Mayville and Clarice Roberts, daughters of appellant, filed a petition in probate court praying that they be appointed co-guardians of the person and estate of appellant because of his alcoholism. The probate court found that appellant was not competent to handle his business affairs and appointed

appellees co-guardians of his estate.

Appellant raises two interrelated points of appeal: first, that appellees did not satisfy the requirements of Ark. Code Ann. § 28-65-212 (Supp. 1987), and second, that the lower court's finding that appellant was incapacitated is clearly erroneous. The arguments have merit.

Ark. Code Ann. § 28-65-212(a) provides:

A professional evaluation shall be performed prior to the court hearing on any petition for guardianship except when appointment is being made because of minority, disappearance, detention, or confinement by a foreign power, or pursuant to § 28-65-218. The evaluation shall be performed by a professional or professionals with expertise appropriate for the respondent's alleged incapacity.

"Professional" means a physician, licensed psychologist, or licensed certified social worker with training, experience, and knowledge of the particular alleged disability of the respondent. Ark. Code Ann. § 28-65-101(6) (1987). "Evaluation" means a professional assessment of the abilities of the respondent and the impact of any impairments on the individual's capability to meet the essential requirements for his health or safety or to manage his estate. Ark. Code Ann. § 28-65-101(5) (1987). There is no statutory requirement that the evaluation be in writing, but in determining a person's incapacity the court must require that the evidence of incapacity include the oral testimony or sworn written statement of one (1) or more qualified professionals. Ark. Code Ann. § 28-65-211(b)(1) (1987).

Dr. McCarty and Dr. Bell are licensed medical doctors. Dr. McCarty saw appellant on three (3) different occasions between May 31, 1988 and June 29, 1988. He testified that appellant suffered from organic brain syndrome caused by alcoholism; that his diagnosis was based on what he had learned from Dr. Bell about appellant, what appellant's records showed, and his own observations of appellant. He stated that he had treated that sort of condition many times and he did not think appellant should be handling any important matters or making any important decisions concerning money matters. It was stipulated that if Dr. Bell were called as a witness, he would testify in accordance with Dr.

McCarty, and that, in addition, Dr. Bell had been appellant's doctor for more than ten (10) years.

Clearly, Dr. McCarty and Dr. Bell satisfy the definition of "professional." Further, their "evaluation" was performed prior to the hearing on this petition, thus satisfying another condition of Ark. Code Ann. § 28-65-212(a). The issue is whether the doctors' "evaluations" satisfy the requirements of Ark. Code Ann. § 28-65-212(b) which provides:

>    (b) The evaluation shall include the following:
>
>    (1) The respondent's medical and physical condition;
>
>    (2) His adaptive behavior;
>
>    (3) His intellectual functioning;
>
>    (4) Recommendation as to the specific areas for which assistance is needed and the least restrictive alternatives available.

The statute sets forth four (4) very specific findings which "*shall*" be included in the evaluation. The word "shall" when used in a statute means that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to absurd results. *Loyd* v. *Knight*, 288 Ark. 474, 706 S.W.2d 393 (1986). We cannot say that mandatory compliance with this statute would lead to absurd results. Therefore, the professional evaluations should have included the four specific findings.

The first required finding was satisfied. Dr. McCarty testified about his assessment of appellant's medical and physical condition, and it was stipulated that Dr. Bell's testimony would have been in agreement.

The fourth required finding was also satisfied. Dr. McCarty testified that he did not think appellant should be handling important matters or making important decisions concerning financial matters, but that he was not in a position to know whether appellant needed personal care in his day to day life.

The doctors' testimony, however, did not establish that the remaining two requirements, findings with respect to adaptive behavior and intellectual functioning, had been included in the

evaluation. Consequently, we agree with appellant that the statutory requirements in this regard were not satisfied.

■ Appellant's second point of appeal is that the lower court's finding of incapacity is clearly erroneous. A probate court's determination of incapacity involves a finding of fact. We will not reverse such a finding unless it is clearly against the preponderance of the evidence, or clearly erroneous. ARCP Rule 52.

■ In light of our conclusion under appellant's first point of appeal, we must also conclude that the finding of incapacity was clearly erroneous because it was based in part upon mandatory professional evaluations which did not satisfy the statutory requirements of Ark. Code Ann. § 28-65-212(b). Accordingly, we must reverse and dismiss since a clearly erroneous finding of incapacity is tantamount to concluding that the trial court erred in denying appellant's motion for a direct verdict.

Reversed and dismissed.

HOLT, C.J., HAYS, and GLAZE, JJ., dissent.

JACK HOLT, JR., Chief Justice, dissenting. The majority's strict interpretation of the requirements of Ark. Code Ann. § 28-65-212(a) (Supp. 1987) eliminates the testimony of qualified professionals concerning evidence of incapacity unless they allude to and use certain magic words in their evaluations.

The majority concedes that both Dr. McCarty and Dr. Bell are professionals and that their evaluations well describe Bailey's medical and physical condition and contain appropriate recommendations as to areas for which assistance is needed. However, the majority finds the testimony deficient with respect to the requirement of an evaluation as to "adaptive behavior" and "intellectual functioning." Ark. Code Ann. § 28-65-212(b)(2) and (3).

Dr. McCarty testified that he saw Bailey on three different occasions between May 31, 1988, and June 29, 1988, and that in his opinion Bailey suffers from organic brain syndrome caused by alcoholism. His diagnosis was based in part on information furnished by Dr. Bell (who had treated Bailey for over a ten-year period), on Bailey's records, and on his own observations of

Bailey. Dr. McCarty further testified that he had treated individuals with this sort of condition many times.

When asked how organic brain syndrome caused by alcoholism would manifest itself, Dr. McCarty testified that he (Bailey) would be incapable of "handling any important matters" or "making important decisions . . . *[a]t any time* concerning any money matters or things of importance." (Emphasis mine.) Giving Dr. McCarty's words their plain meaning, it is obvious that this evaluation well describes Mr. Bailey's intellectual functioning and his adaptive behavior, even though the doctor did not utilize the specific wording of our code.

I would affirm the findings of the probate court.

HAYS and GLAZE, JJ., join in this dissent.