Mr. Bobby Norman, Director Arkansas Commission on Law Enforcement Standards and Training P.O. Box 3106 East Camden, Arkansas 71701
Dear Mr. Norman:
This is in response to your request for an opinion on five questions concerning the law enforcement certification requirements for bailiffs. Specifically, you reference Act 572 of 1993, which amended A.C.A. § 16-13-1413 to provide that the circuit, chancery, and circuit-chancery judges in all divisions of the Sixth Judicial District may each appoint one court bailiff. See Act 572 of 1993. In addition, the act amended A.C.A. § 16-13-1413(b)(2) to add the emphasized language as follows:
 The bailiffs shall exercise all the powers of a deputy sheriff, including the power to make arrests, carry a weapon, and serve summons, and shall be certified law enforcement officers, provided that bailiffs currently employed may be continued in their duties, without regard to certification. [Emphasis added].
You also reference Act 1307 of 1993 which provides that the circuit judge and circuit-chancery judge — division 2 of the Seventh Judicial District may each appoint so many court bailiffs as the quorum courts of the district shall fund. See Act 1307 of 1993. As to the certification requirements for bailiffs in this judicial district, the act states in section 1(b)(2) the following:
 When acting within the scope of their duties as court bailiffs, the bailiffs shall exercise all the powers of a deputy sheriff, which shall include the power to make arrests, carry a weapon, and serve summons and may maintain law enforcement certification existing or acquired during their service as bailiff.
[Emphasis added].
You note that the word "may" is used in the above referenced section of Act 1307 of 1993, while the term "shall" is utilized in the language of Act 572 of 1993, as set forth above. You also indicate that the rules of the Commission refer to five levels of certification for "law enforcement officers," while the rules specify only one certification level for "specialized police personnel." One of the issues inherent in your questions are whether bailiffs who will be hired pursuant to the above referenced new acts will be classified as "law enforcement officers" or "specialized police personnel" for purposes of determining which certification requirements of the Commission will be applicable. Your five questions regarding these facts are as follows:
 1. What are the training requirements for future bailiffs seeking certification?
 2. Will all new bailiffs have to meet the same minimum standards for employment or appointment prior to being hired as all other appointed law enforcement officers currently do?
 3. Should a law enforcement officer be out of law enforcement for more than three years, but less than seven years, then be employed as a bailiff in the Sixth or Seventh Judicial Districts, will he/she maintain their former certification level or be like the other law enforcement officers and be required to complete a refresher course and a twelve month probationary period before being eligible for certification, and if they have been out for more than seven years, would they have to complete a full basic course in order to be certified as a law enforcement officer?
 4. If bailiffs currently working have maintained their "full-time" law enforcement officer certification, are the new bailiffs to be certified as full-time law enforcement officers or specialized police personnel/bailiffs?
 5. If bailiffs are to be certified as "law enforcement officers," rather than "specialized police personnel," can they compete for the additional levels of certification as referred to on page 41 of the Commission's rules and regulations manual?
In response to your first question, it is my opinion that, in the future, individuals seeking certification in the Sixth Judicial District will be required to meet the same training requirements as all other "law enforcement officers."
Act 572 of 1993 amends A.C.A. § 16-13-1413(b)(2) (Advanced Code Service 1992-93) to provide that all future bailiffs in the Sixth Judicial District "shall be certified law enforcement officers." [emphasis added]. The word "shall," in the context of laws and regulations, has been defined as "to express what is mandatory." Webster's Seventh New Collegiate Dictionary 797 (1972). The Arkansas Supreme Court has also stated that the term, "shall," when used in a statute, means that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to absurd results. Matter of Bailey,299 Ark. 352, 771 S.W.2d 779 (1989). Therefore, it is my opinion that the legislature intended the provision at issue in Act 572 of 1993 to be mandatory. The act makes clear, however, that this provision does not affect those bailiffs who are currently employed in the district; they are allowed to continue in their employment regardless of certification. See Act 572 of 1993. This is a significant change from the prior law which was construed to mean that bailiffs in the Sixth Judicial District could maintain any level of certification they had attained, but were not required to be certified law enforcement officers. See
A.C.A. § 16-13-1413(b)(2). See also Op. Att'y Gen. 91-431.
The rules on certification of "law enforcement officers" are addressed on pages 39-41 and 76-81 of the Commission's rules and regulations manual. Pursuant to regulation 1005(1)(a), a full-time law enforcement officer must complete the basic police training course, as described in specification S-9 of the manual, within twelve months from the date of the officer's appointment. Since all bailiffs hired in the future for employment in the Sixth Judicial District will be required to be "certified law enforcement officers," it is my opinion that they will be required to meet the same training requirements as are all other "law enforcement officers" pursuant to the Commission's rules and regulations.
It is my opinion, however, that the same rule will not apply to those bailiffs hired in the future in the Seventh Judicial District pursuant to Act 1307 of 1993. Section 1(b)(2) of the act provides that bailiffs employed in that district "may maintain law enforcement certification existing or acquired during their service as bailiff." See Act 1307 of 1993. Thus, the mandatory provision present in Act 572 of 1993 which states that bailiffs in the Sixth Judicial District "shall" be certified law enforcement officers does not appear in Act 1307 which applies to those bailiffs employed in the Seventh Judicial District. Therefore, bailiffs in Seventh Judicial District are not required to be certified law enforcement officers, yet they are allowed to "maintain" any level of certification they have already attained or will attain during their employment with the district. As a result of this determination, it is my opinion that should the bailiffs hired for the Seventh Judicial District who have never attained any law enforcement certification seek to obtain certification, they will be subject to the certification procedures currently in place by rule of the Commission for the certification of bailiffs. It is my understanding that such persons would be certified as "specialized law enforcement officers" under these rules.
In summary to your first question, it is my opinion that those individuals hired in the future as bailiffs for the Sixth Judicial District will be required, pursuant to Act 572 of 1993, to be certified law enforcement officers. Accordingly, they will be required to meet those training requirements for certification that the Commission has established for the certification of "law enforcement officers." However, a different rule will exist for those bailiffs hired in the Seventh Judicial District because Act 1307 of 1993 provides that bailiffs in that district are not required to be certified law enforcement officers; rather, they are allowed to maintain any certification previously attained or attained during their employment, and those bailiffs hired who have not previously attained any certification will, if they seek certification, be required to meet the certification requirements the Commission has established for "specialized law enforcement officers."
In response to your second question, it is my opinion that the answer is "yes" for those bailiffs hired for the Sixth Judicial District since those individuals will be required to be certified as law enforcement officers pursuant to Act 572 of 1993 as explained herein. In regard to those bailiffs hired for the Seventh Judicial District pursuant to Act 1307 of 1993, it is my opinion that those individuals will not have to meet the same minimum standards for employment as do "law enforcement officers" since they are not required to have such certification under the act; rather, the new bailiffs in the Seventh Judicial District will be required to meet whatever minimum standards the Commission has established for bailiffs or "specialized law enforcement officers," as they are designated by the Commission.
Regarding your third question, you indicate in your request that the Commission has adopted a new rule called the "3/7" rule which will be included in the new manual. This rule states that if an individual has been out of law enforcement for more than three years, but less than seven years, and was previously certified, he or she will have to complete a refresher course when they re-enter law enforcement. The rule also provides that if an individual has been out of law enforcement for more than seven years, he or she would have to complete a new basic training course during their new probationary period. The Commission also has established a rule that if an individual is separated from law enforcement, his or her certification remains active only for a six month period.
In response to your third question, it is my opinion that if a certified law enforcement officer is out of law enforcement for more than three years, but less than seven years, and then becomes employed as a bailiff in the Sixth Judicial District, he or she will be required to complete a refresher course pursuant to the Commission's "3/7" rule as set forth above. Additionally, pursuant to this rule, if the individual has been out of law enforcement for a period exceeding seven years, he or she would have to complete a new basic training course. As to bailiffs in the Seventh Judicial District, the same rule would apply if these individuals were certified as law enforcement officers prior to their employment as bailiffs.
In response to your fourth question, it is my opinion that, as previously stated, bailiffs hired in the future in the Sixth Judicial District will be required to be certified law enforcement officers, and if they meet the requirements for full-time law enforcement officers, they should be so certified. For those new bailiffs hired in the Seventh Judicial District who have never attained certification, they presumably will be classified as full-time specialized police personnel if they meet the requirements of the Commission for that certification.
In response to your fifth question, it is my opinion that bailiffs hired in the Sixth Judicial District, who will be required under Act 572 of 1993 to be certified law enforcement officers, will be eligible to compete for the additional levels of certification as listed on page 41 of the Commission's rules and regulations manual. Those bailiffs hired in the Seventh Judicial District who seek certification will not be able to compete for the additional levels of certification available to law enforcement officers since those individuals, as previously stated, will be certified as "specialized police personnel" rather than "law enforcement officers."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh