A.W. PHILLIPY *v.* Sandra L. O'REILLY

CA 05-1221                                236 S.W.3d 548

Court of Appeals of Arkansas
Opinion delivered May 24, 2006

---

*James F. Lane, P.A.*, for appellant.

*Dunham & Faught, P.A.*, by: *James Dunham*, for appellee.

ROBERT J. GLADWIN, Judge. This is an appeal from an order in which the Yell County Circuit Court appointed appellee Sandra O'Reilly permanent guardian of the person and estate of Harold W. Phillipy. Mr. Phillipy's son, appellant A.W. Phillipy, argues that the trial court's July 22, 2005 order is void and that there was insufficient evidence to support the trial court's finding that his father is incapacitated. We dismiss based upon appellant's lack of standing to bring this appeal.

Appellant and appellee were married at one point in time, but later divorced. Subsequently, appellee was purportedly[1] adopted by her ex-father-in-law, Mr. Phillipy, in the State of Florida in April 2005, specifically for the purpose of giving her legal authority to serve as his guardian. Mr. Phillipy, who was born on June 1, 1916, suffers from numerous medical conditions, including high blood pressure and diabetes, which require six different prescription medications and two types of insulin to

---

[1] We use the term "purportedly" because the copy of the final judgment of adoption from the Florida proceeding contained in the Addendum is not signed or dated.

maintain his health. He is also reportedly visually and hearing impaired. At the time of this case, Mr. Phillipy had moved to Yell County, Arkansas, and was residing with appellee until appellant "secreted" him away to Montana.

On June 1, 2005, appellee filed a petition in the Yell County Circuit Court for an ex parte temporary appointment of guardian and permanent guardianship of the person and estate of Mr. Phillipy.[2] She contended that the temporary guardianship was necessary to protect Mr. Phillipy, who was "abducted" on May 21, 2005, by appellant, from whom he was allegedly estranged, and "secreted away" in Montana. On June 2, 2005, the trial court entered a temporary order appointing appellee guardian of Mr. Phillipy. On June 28, 2005, attorney Bill Strait entered his appearance as Mr. Phillipy's retained counsel. On July 12, 2005, Mr. Phillipy executed and caused to be filed a consent to guardianship with appellee to serve as his guardian. On July 22, 2005, the trial court conducted a hearing, during which neither testimony nor a report evidencing Mr. Phillipy's alleged incapacity was offered. Mr. Strait advised the trial court that Mr. Phillipy fully consented to the guardianship. The order appointing appellee as permanent guardian was filed on July 22, 2005, and appellant filed a notice of appeal on August 18, 2005.

Guidance on standing is provided by three recent cases from our supreme court that cite *In re $3,166,199*, 337 Ark. 74, 987 S.W.2d 663 (1999). In that case, the supreme court reiterated the general rule regarding standing, "that an appellate court cannot act upon an appeal taken by one not a party to the action below." *Id.* at 79, 987 S.W.2d at 666. Under our rules of civil procedure, party status is generally obtained by initiating an action through filing a complaint or responding to a complaint by answer. *Id.*; *see also Cogburn v. Wolfenbarger*, 85 Ark. App. 206, 148 S.W.3d 787 (2004) (finding standing where an individual was served with notice of a hearing, filed an answer, and appeared at both the temporary and permanent hearings to contest the guardianship). It is also possible to become a party by intervention under Ark. R. Civ. P. 24 (2005), or by joinder under Ark. R. Civ. P. 19 (2005). *In re $3,166,199, supra*; *see also Beebe v. Fountain Lake School Dist.*, 365 Ark. 536, 231 S.W.3d 628 (2006) (finding standing based on

---

[2] At the time appellee filed her original petition, another similar petition, filed by Mr. Phillipy's nephew, Paul Schopbach, was pending in Florida. That petition was later withdrawn.

collective basis related to prior party status, intervention, and constitutionality of a statute). In this case, none of these situations apply to appellant; therefore, he does not have standing as a party to the action to bring this appeal.

Arkansas appellate courts have recognized two other circumstances in which a nonparty may gain standing to pursue appellate review of a trial court's orders. The first occurs when a nonparty seeks relief under Ark. R. Civ. P. 60(k) (2005), which provides that an independent action may be filed to relieve a person from judgment who was not actually served with process. *In re $3,166,199, supra*. Appellant is not seeking this type of relief, as nothing was required of him pursuant to the trial court's order, so this exception is likewise inapplicable.

The final possible scenario would apply in the unique set of facts where any appellant, though not a party, has a pecuniary interest affected by the court's disposition of the matter below. In *Swindle v. Benton County Circuit Court*, 363 Ark. 118, 211 S.W.3d 522 (2005), our supreme court determined that an appellant had standing based upon this "pecuniary interest" exception where he was ordered by the circuit court to reimburse the public defender's office $150 for interpreting services that were provided to his Spanish-speaking client. The trial court had stated that the appellant was privately retained by his client and that it was his responsibility to make sure that the fee was paid. The supreme court addressed the standing issue, although it was not raised by the appellee, and found that because the costs were assessed against the appellant personally, he had standing as a nonparty to request appellate review. Additionally, in *Springdale School Dist. No. 50 v. The Evans Law Firm, P.A.*, 360 Ark. 279, 200 S.W.3d 917 (2005), the supreme court determined that an attorney had standing to bring an appeal related to the circuit court's disposition of his attorney's fee in a case. The supreme court first pointed out that the attorney had specifically intervened with respect to the attorney's fee issues, and that would likely have been sufficient; however, the supreme court also addressed the fact that his direct pecuniary interest gave him standing to bring the appeal with respect to the attorney's fee issue.

■■ Based upon our review of the instant case, appellant has no pecuniary interest in this matter through which to gain standing. Appellant fails to fit into any of the above-described categories. He clearly was neither initially, nor subsequently, a party to the circuit court proceeding. He did not move to

intervene and did not enter an appearance in the case. No judgment was entered against him from which he would be seeking relief. Additionally, he does not appear to have a pecuniary interest in the circuit court's order. Although he did not receive prior notice of the hearing on the petition, he nonetheless was required to pursue any dispute that he might have had with the order at the circuit court level. He failed to do so by any of the available means, including making himself a party to the action, filing a posttrial motion asking for a new trial or a judgment notwithstanding the verdict, or requesting that the appointment be set aside because he failed to receive notice prior to the hearing. Accordingly, this appeal is dismissed for lack of standing.

Appeal dismissed.

GRIFFEN and NEAL, JJ., agree.