# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-511

| | |
|---|---|
| JANET KAYE AUTRY<br>APPELLANT<br><br>V.<br><br>PAM BECKHAM AND DON BECKHAM<br>APPELLEES | **Opinion Delivered:** December 3, 2014<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT<br>[NO.PR-13-246]<br><br>HONORABLE WILL FELAND, JUDGE<br><br>REVERSED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's February 20, 2014 order appointing appellees as guardians of Louise Alma Shepherd a/k/a Louise Whaley. On appeal, appellant argues that the circuit court erred in (1) failing to obtain a professional evaluation prior to the court hearing for the appointment of a guardian; (2) allowing appellees to intervene in the guardianship of Ms. Whaley; and (3) failing to take into consideration the order of preference in appointing a guardian as set out in Arkansas Code Annotated section 28-65-204.[1] We reverse.

Louise Whaley, the proposed ward, was 91 years old at the beginning of this case and had been living alone for some time in a house on property that she owned. Her estate, including three or four rental properties, was worth somewhere between $1,000,000 and $1,500,000. She had two children, both sons; both are deceased. Appellant

---

[1] (Repl. 2012).

is the daughter of one of Ms. Whaley's sons. In June or July of 2013, appellant, along with the rest of the family, became concerned about Ms. Whaley's health and her ability to take care of her basic needs.

On July 29, 2013, appellant petitioned the court for ex parte temporary guardianship and permanent guardianship over Ms. Whaley's person and estate. The petition was accompanied by an unverified letter from Dr. Thirumal Reddy Dubakka from the Longevity Center at St. Vincent Health System stating that it was his opinion that Ms. Whaley "requires assistance for all medical, business and financial matters." All family members required to have notice of appellant's petition—Ms. Whaley's other five grandchildren—were notified of her petition, and each filed a waiver of notice in which they consented to appellant being appointed as Ms. Whaley's permanent guardian. An order appointing appellant as the temporary guardian of Ms. Whaley's person and estate was entered on August 6, 2013.

On September 23, 2013, Pam and Don Beckham, neighbors of Ms. Whaley, claiming to be "close acquaintances" of Ms. Whaley, filed a motion for leave to intervene along with a motion for an expedited hearing on that motion.[2] The court granted the motion to intervene and noted that appellant and appellees had waived the ninety-day hearing requirement in an order entered on October 22, 2013.[3]

---

[2] Appellee Pam Beckham had been named as a taker under Ms. Whaley's 2010 will and had been granted durable healthcare power of attorney over Ms. Whaley's healthcare decisions in February 2012.

[3] An amended order was entered on November 22, 2013, extending appellant's temporary guardianship until January 23, 2014, the date of the hearing.

On November 6, 2013, appellees filed a verified petition to be appointed as the permanent guardians of Ms. Whaley's person and estate. On December 17, 2013, appellees moved for a mental evaluation of Ms. Whaley pursuant to Arkansas Rule of Civil Procedure 35 and Arkansas Code Annotated section 28-65-212.[4] The motion was granted in an order entered on January 10, 2014. However, no mental evaluation was performed. Instead, the parties had the attorney ad litem meet with Ms. Whaley and "she believe[d Ms. Whaley was] incapacitated." The parties felt this was sufficient.

In an order entered on February 20, 2014, the circuit court appointed appellees as the guardians of Ms. Whaley's person and First Community Bank as guardian of her estate.[5] Appellant timely appeals from this order.

We review probate proceedings de novo on the record but will not reverse a circuit court's factual determinations unless they are clearly erroneous.[6] A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left on the entire evidence with the firm conviction that a mistake has been committed.[7] In conducting our review, we give due regard to the opportunity and superior position of

---

[4] (Repl. 2012).

[5] On the same date, the circuit court entered an order denying appellant's motion for reconsideration of the appointment of guardian and for a temporary stay before the appointment took effect.

[6] *Hamm v. Hamm*, 2013 Ark. App. 501, at 3, 429 S.W.3d 384, 387 (citing *Seymour v. Biehslich*, 371 Ark. 359, 266 S.W.3d 722 (2007)).

[7] *Wilson v. Lindvall*, 2013 Ark. App. 364, at 2, 428 S.W.3d 532, 533 (citing *Morton v. Patterson*, 75 Ark. App. 62, 54 S.W.3d 137 (2001)).

the trial court to determine the credibility of the witnesses.[8] We do not, however, defer on pure issues of law.[9]

Appellant's first argument on appeal is that the circuit court failed to obtain a professional evaluation prior to the hearing. She argues that because the statute uses the word "shall," the court was required to obtain a professional evaluation and its failure to do so constituted clear error.

We note first that appellant failed to raise this argument below, which would typically make the argument unpreserved for review, thereby preventing this court from addressing the merits.[10] However, as noted by appellant and unaddressed by appellee, our supreme court found that we can address the merits despite such a failure where the finding of incapacity was based in part upon mandatory professional evaluations that did not satisfy the statutory requirements of Ark. Code Ann. section 28-65-212(b).[11] This is because it is not incumbent upon appellant to ask the trial court to consider the relevant statutes that must be satisfied prior to a finding of incapacity and because Rule 52(b)(2) of the Arkansas Rules of Civil Procedure provides that, in a bench trial, the sufficiency of the evidence to support the trial court's findings may be raised whether or not any objection

---

[8] *Id.* (citing *Foster v. Hatfield*, 2013 Ark. App. 169).

[9] *Hamm, supra* (citing *Standridge v. Standridge*, 304 Ark. 364, 803 S.W.2d 496 (1991)).

[10] *See Worden v. Kirchner*, 2013 Ark. 509, 431 S.W.3d 243; and *Diamante, LLC v. Dye*, 2013 Ark. 501, 430 S.W.3d 710.

[11] *Cogburn v. Wolfenbarger*, 85 Ark. App. 206, 148 S.W.3d 787 (2004) (citing *In re Bailey*, 299 Ark. 352, 771 S.W.2d 779 (1989)).

was made below.[12] Accordingly, we are permitted to address the merits of appellant's argument despite her failure to raise it below.

Arkansas Code Annotated section 28-65-212 provides that a professional evaluation shall be performed prior to the court hearing on any petition for guardianship with certain exceptions, inapplicable here, and that the evaluation shall be performed by a professional or professionals with expertise appropriate for the respondent's alleged incapacity.[13] "Professional" means a physician, licensed psychologist, or licensed certified social worker with training, experience, and knowledge of the particular alleged disability of the respondent.[14] "Evaluation" means a professional assessment of the abilities of the respondent and the impact of any impairments on the individual's capability to meet the essential requirements for his health or safety or to manage his estate.[15] This court outlined our review of questions of statutory interpretation in *Schueller v. Schueller*, as follows:

> This court reviews questions of statutory interpretation de novo because it is for the appellate courts to decide what a statute means. The basic rule of statutory construction is to give effect to the legislative intent. The doctrine of strict construction is to use the plain meaning of the language employed. Where the language of the statute is unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language.[16]

---

[12] *Id.*

[13] Ark. Code Ann. § 28-65-212(a)(1) & (2).

[14] Ark. Code Ann. § 28-65-101(8) (Repl. 2012).

[15] Ark. Code Ann. § 28-65-101(2).

[16] 86 Ark. App. 347, 353, 185 S.W.3d 107, 111 (2004) (internal citations omitted).

Arkansas Code Annotated section 28-65-212 uses the word "shall" which is typically mandatory; however, appellees note that it is well-established Arkansas law that the word "shall" in the statute indicates mandatory compliance with the statute's terms unless compliance would result in an absurdity.[17] Accordingly, they essentially argue that where the parties agree that a person is incapacitated, to require more—as the statute does—would be an absurdity. We do not agree with appellees argument in this set of circumstances.

In determining the incapacity of a person for whom a guardian is sought to be appointed for cause, other than exceptions which are inapplicable here, Arkansas Code Annotated section 28-65-211 necessitates that the court shall require that the evidence of incapacity include the oral testimony or a sworn written statement of one or more qualified professionals, whose qualifications shall be set forth in their testimony or written statements.[18] It is undisputed that there was no oral testimony or sworn written statement of a qualified professional as required by Arkansas Code Annotated section 28-65-211(b)(1).

Arkansas Code Annotated section 28-65-105 states that guardianship for an incapacitated person shall be:

> (1) Used only as is necessary to promote and protect the well-being of the person and his or her property;

---

[17] *Wooley v. Planter's Cotton Oil Mill, Inc.*, 91 Ark. App. 213, 217, 209 S.W.3d 409, 413 (2005) (citing *Ramirez v. White Cnty. Cir. Ct.*, 343 Ark. 372, 38 S.W.3d 298 (2001)); *see Loyd v. Knight*, 288 Ark. 474, 706 S.W.2d 393 (1986).

[18] (Repl. 2012).

(2) Designed to encourage the development of maximum self–reliance and independence of the person; and

(3) Ordered only to the extent necessitated by the person's actual mental, physical, and adoptive limitations.[19]

Without the required professional evaluation, the circuit court did not have sufficient evidence to find that a guardian needed to be appointed for Ms. Whaley. Accordingly, the circuit court's failure to obtain a professional evaluation prior to the court hearing prior to the appointment of a guardian was clearly erroneous.

Because we reverse on this point, we do not address appellant's other points on appeal.

Reversed.

WYNNE, J., agrees.

GRUBER, J., concurs.

---

[19] (Repl. 2012).

**Rita W. Gruber, Judge, concurring.** I agree with the majority's decision to reverse and remand this case. It was error for the trial court to proceed with the guardianship hearing without the required mental evaluation. I write separately to point out that the trial court also failed to give due regard to the order of preference in appointing a guardian as set out in Arkansas Code Annotated section 28-65-204 (Repl. 2012). The statute provides, in pertinent part, that "the court shall appoint as guardian of an incapacitated person the one most suitable who is willing to serve, having due regard to . . . [t]he relationship by blood or marriage to the person for whom guardianship is sought. Ark. Code Ann. § 28-65-204(b)(4).

We have stated that the statute "does not mandate an ironclad order of preference, but leaves the appointment of a guardian who would forward the best interests of the incompetent to the sound discretion of the court." *Martin v. Decker*, 96 Ark. App. 45, 53, 237 S.W.3d. 502, 507 (2006). However, it is recognized as a general rule that consanguinity is considered a recommendation in the selection of a guardian for an incompetent, and will not be disregarded except upon strong grounds, the presumption being that the next of kin of the incompetent will be more likely to treat the latter with patience and affection than will a stranger. *McCartney v. Merchants & Planters Bank*, 227 Ark. 80, 82–83, 296 S.W.2d 407, 408–09 (1956) (citing 21 A.L.R.2d 880). Here, the trial court did not make adequate findings as to why intervenors, Pam and Don Beckham, should be granted guardianship over appellant, who is Ms. Whaley's granddaughter.

*Frances Morris Finley*, for appellant.

*Greg Crumpton, P.A.*, by: *Greg Crumpton*; and

*Wilson & Haubert, PLLC*, by: *Stefan K. McBride*, for appellees.