David M. Glover, Judge, dissenting. Respectfully, I dissent from the majority’s opinion, which concludes Chelsea has standing to appeal 1) because she was a party below and 2) because she has suffered a pecuniary loss. My preference in resolving the standing issue has always been to remand the matter to the trial court to develop the record on the issue and for the parties to then address standing by rebriefing it on appeal; however, such a position did not prevail. Without further development of the record, the record before us fails to demonstrate Chelsea has standing to appeal. The authors of Arkansas Civil Practice & Procedure explain in part: As a threshold matter, the appellant must have standing to appeal. This is not a problem in most cases. If the appellant was a party to the action in the trial court and aggrieved by the judgment, the standing requirement is satisfied. [[Image here]] 113A person who was not a party to the action below generally lacks standing to appeal. However, a person whose pecuniary interests are affected by the judgment has standing to seek appellate review even though he or she was never made a party. David Newbern, John Watkins, & D.P. Marshall, Jr., Arkansas Civil Practice and Procedure § 40:1 (5th ed. 2010). In Phillipy v. O’Reilly, 95 Ark. App. 264, 266-67, 236 S.W.3d 548, 550-51 (2006), our court explained: Guidance on standing is provided by three recent eases from our supreme court that cite In re $3,166,199, 337 Ark. 74, 987 S.W.2d 663 (1999). In that case, the supreme court reiterated the general rule regarding standing, “that an appellate court cannot act upon an appeal taken by one not a party to the action below.” Id. at 79, 987 S.W.2d at 666. Under our rules of civil procedure, party status is generally obtained by initiating an action through filing a complaint or responding to a complaint by answer. Id.; see also Cogburn v. Wolfenbarger, 85 Ark. App. 206, 148 S.W.3d 787 (2004) (finding standing where an individual was served with notice of a hearing, filed an answer, and appeared at both the temporary and permanent hearings to contest the guardianship). It is also possible to become a party by intervention under Ark. R. Civ. P. 24 (2005), or by joinder under Ark. R. Civ. P. 19 (2005). In re $8,166,199, supra; see also Beebe v. Fountain Lake School Dist., 365 Ark. 536, 231 S.W.3d 628 (2006) (finding standing based on collective basis related to prior party status, intervention, and constitutionality of a statute). In this case, none of these situations apply to appellant; therefore, he does not have standing as a party to the action to bring this appeal. Arkansas appellate courts have recognized two other circumstances in which a nonparty may gain standing to pursue appellate review of a trial court’s orders. The first occurs when a nonparty seeks relief under Ark. R. Civ. P. 60(k) (2005), which provides that an independent action may be filed to relieve a person from judgment who was not actually served with process. In re $3,166,199, supra. Appellant is not seeking this type of relief, as nothing was required of him pursuant to the trial court’s order, so this exception is likewise inapplicable. The final possible scenario would apply in the unique set of facts where any appellant, though not a party, has a pecuniary interest affected by the court’s disposition of the matter below. In Swindle v. Benton County Circuit Court, 363 Ark. 118, 211 S.W.3d 522 (2005), our supreme court determined that an appellant had standing based upon this “pecuniary interest” exception where he was ordered by the circuit court to reimburse the public defender’s office $150 for interpreting services that were provided to his Spanish-speaking client. The trial court had stated that the appellant was privately retained by his client and that it was his responsibility to make sure that the fee was paid. The supreme court addressed the standing issue, |ualthough it was not raised by the appellee, and found that because the costs were assessed against the appellant personally, he had standing as a nonparty to request appellate review. Additionally, in Springdale School Dist. No. 50 v. The Evans Law Firm, P.A., 360 Ark. 279, 200 S.W.3d 917 (2005), the supreme court determined that an attorney had standing to bring an appeal related to the circuit court’s disposition of his attorney’s fee in a case. The supreme court first pointed out that the attorney had specifically intervened with respect to the attorney’s fee issues, and that would likely have been sufficient; however, the supreme court also addressed the fact that his direct pecuniary interest gave him standing to bring the appeal with respect to the attorney’s fee issue. In the context of this discussion, the term “party” has distinct and consequential meanings. Here, it is undisputed Chelsea, as “OCSE Assignor,” assigned to OCSE her rights regarding the child-support arrearage. The July 16, 2015 order she is attempting to appeal provides: 2. The State of Arkansas, Office of Child Support Enforcement, is involved in the establishment and enforcement of a support obligation order herein pursuant to its rights and responsibilities under Ark. Code Ann. § 9-14-210(d) under which CHELSEA S. HARLEY is the recipient of services under Title IV-D of the Social Security Act or has signed a contract for services. [[Image here]] Arkansas Code Annotated section 9-14-210(d)(Repl. 2015), explains (d) The State of Arkansas is the real party in interest for purposes of establishing paternity and securing repayment of benefits paid and assigned past-due support, future support, and costs in actions brought to establish, modify, or enforce an order of support in any of the following circumstances: (1) Whenever public assistance under the transitional employment assistance program, i.e., Temporary Assistance for Needy Families Program, or § 20-77-109 or § 20-77-307 is provided to a dependent child or when child support services continue to be provided under 45 C.F.R. 302.33 as it existed on January 1, 2001; (2) Whenever a contract and assignment for child support services have been entered into for the establishment or enforcement of a child support obligation for which an automatic assignment under § 9-14-109 is not in effect; (3) Whenever duties are imposed on the state in Title IV-D cases pursuant to the Uniform Interstate Family Support Act, § 9-17-101 et seq.; or (4) When a child is placed in the custody of the Department of Human Services and rights have been assigned under § 9-14-109. hsThen, after subsection (d), the next two subsections offer clear instruction. Section 9-14-210(e) provides in part that in any action brought to enforce a child-support obligation, the Department of Human Services or the office, or both, or their contractors, may employ attorneys, and that an attorney so employed shall represent the interests of the Department of Human Services or the office and “does not represent the assignor of an interest set out in subsection (d) of this section.” Moreover, “[rjepresentation by the employed attorney shall not be construed as creating an attorney-client relationship between the attorney and the assignor of an interest set forth in subsection (d) .Next, section 9 — 14—210(f)(2) provides that “for the benefit of the court clerk, in any action brought by the Department of Human Services or the office, or both, or their contractors, pursuant to subsection (d) of this section, the name of the physical custodian shall be set out in the body of any petition filed and order entered in the matter.” As the physical custodian for the children, Chelsea was clearly an interested person regarding this lawsuit, but she assigned to OCSE her rights to the child-support arrearage. The State of Arkansas, via OCSE, was the real party in interest pursuant to section 9 — 14—210(d) and initiated the lawsuit, as plaintiff, against Wyndham, as defendant. In the caption of every document filed in the trial court, the State (OCSE) is shown as the plaintiff, Wyndham Dempster is shown as the defendant, and Chelsea Harley is shown as “OCSE Assignor.” The majority’s references to instances in which Chelsea was informally identified as a party are not convincing to demonstrate her true status in the case. As this case was pled and tried, Chelsea was never a party. As the assignor, she was not automatically elevated to party status in order to bring an appeal. 11fiThe majority opinion sees it differently, explaining, Many cases have more “parties” than just one plaintiff and one defendant. There can be claimant, counterclaimant, intervenor, garnishee, third-party defendant, etc. There is no argument that they are not “parties.” Why should it be so for an Assignor with direct interest in the outcome? This argument is not convincing either, and the cited examples are distinguishable from the situation presented here. Claimants, counterclaimants, intervenors, garnishees, and third-party defendants have “entered” a case via procedural mechanisms that require the direct assertion or defense of claims. Chelsea, on the other hand, assigned to OCSE her right to pursue her claims. She never directly made the claims; they were made by OCSE on her behalf by assignment. She could have filed a motion to intervene in the proceedings or pursued some other course of action under our rules of procedure to be directly involved in the case when OCSE decided it was not going to pursue an appeal, but she did not. The majority opinion expands its position, arguing that, in addition to Chelsea being a “party” below, her pecuniary interests were also injured, affording her another basis for standing to appeal. Repeating myself, a remand to allow the parties to further develop the record and make their arguments to us regarding Chelsea’s standing to appeal is my preference. Because that position did not prevail, we are left with an underdeveloped record concerning this important preliminary issue. The record before us does not reveal how Chelsea’s pecuniary interests have been affected by the trial court’s decision. The July 16, 2015 order does not grant her the child-support-arrearage judgment; it very specifically grants the judgment to OCSE: 5.... Therefore, the OCSE is granted Judgment in the amount of $7,079.00 in past due child support as of June 26, 2015. WYNDHAM S. DEMPSTER, SR. is [17ordered to pay the sum of $32.00 weekly in addition to current support previously ordered to be applied to said judgment. (Emphasis added.) The judgment was awarded to OCSE with no indication that any Title IV funds Chelsea might have received were affected by the trial court’s decision or whether OCSE was to turn over to Chelsea the $32 Wyndham was ordered to pay OCSE (which understandably would have been a larger amount if the entire arrearage had been ordered). In other words, on this record, OCSE’s pecuniary interests suffered, but we have no basis for concluding Chelsea’s did. The majority judges may have personal knowledge and experiences leading them to the conclusion that Chelsea’s pecuniary interests have suffered as a result of the trial court’s decision, but this information is not apparent from the record before us. Rule 17 of the Arkansas Rules of Civil Procedure is also not applicable to the situation presented by this appeal. Rule 17(a) provides: (a) Real Party in Interest Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian (conservator), bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or the State or any officer thereof or any person authorized by statute to do so may sue in his own name without joining with him the party for whose benefit the action is being brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest. D. Here, the real parties in interest were represented at trial — OCSE as plaintiff and Wyndham as defendant — and Rule 17 was never brought into play. hsWe are confronted with Chelsea’s standing to appeal. I agree that standing is not a jurisdictional issue but that our court may raise it on its own motion. Her standing to appeal is presented in the context that she was not the plaintiff below, OCSE was; the child-support-arrearage judgment was not granted to her, it was granted to OCSE; and the record before us does not demonstrate whether Chelsea’s pecuniary interests have suffered as a result of the trial court’s decision. On this record, Chelsea does not have standing to bring this appeal, and I would dismiss the appeal. Consequently, I dissent. Gruber, C.J., and Whiteaker, J., join.