Cite as 2021 Ark. App. 190

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-20-678

| | |
|---|---|
| | **Opinion Delivered** April 28, 2021 |
| MISTY CLARK<br>APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72JV-17-233] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE STACEY ZIMMERMAN, JUDGE |
| APPELLEES | AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

Misty Clark appeals the circuit court's order granting guardianship of two of her children to her father and stepmother, Bari and James Sargent. Clark contends that (1) the Arkansas Department of Human Services (DHS) failed to prove the statutory requirements for a guardianship, and (2) if a guardianship was necessary, then she was the statutorily preferred guardian. We affirm the circuit court's order.

This case began in the early morning hours of 3 March 2017, when DHS exercised a seventy-two-hour hold on ten-year-old JS and nine-year-old AS. Clark had driven her vehicle into a ditch with JS, AS, and another sibling, KC, in the vehicle. (KC was placed in the custody of his father.) Clark was arrested on three counts of endangering the welfare of a minor.

DHS provided services to Clark for over a year, but in May 2018, it petitioned to terminate her parental rights. On 3 August 2018, the circuit court entered an order terminating Clark's parental rights and authorizing DHS to consent to adoption.[1] The circuit court considered—but ultimately rejected—placing the children with the Sargents. Clark appealed and argued that terminating her rights and an adoption by the foster family was not in the children's best interest. This court held that the circuit court had clearly erred in rejecting the grandparents as a permanent placement for the children and reversed and remanded for further proceedings. *Clark v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 223, 575 S.W.3d 578 (*Clark I*).

On remand, the circuit court convened a special review hearing on 17 May 2019, and the resulting order began visitation between the children and the grandparents. That order also directed the grandparents to have one counseling session with the children and the children's therapist. Thereafter, the court authorized the children to visit the Sargents in Indiana for two weeks, come back to Arkansas for one week to visit their foster family, and then be placed with the grandparents in Indiana.

On 1 August 2019, the court entered a permanency-planning order setting the goal of the case as "[a]uthorizing a plan to obtain a permanent custodian, including permanent custody with a fit and willing relative, and James Sargent and Bari Sargent shall be named as permanent custodian in a separate proceeding." The order recited Clark's failures in complying with the court orders and case plan throughout the case and specifically noted

[1]The circuit court also terminated the rights of the children's father, but he did not appear and did not participate in the appeal of the circuit court's order.

that "the Court of Appeals determined that the mother is an unfit parent."[2] The court did not allow any contact between the children and Clark but did allow visitation with the maternal grandmother, supervised by the Sargents, and contact with the former foster parents at the Sargents' discretion.

The court reviewed the case in December 2019 and found that Clark had obtained stable housing and employment but had not sustained measurable progress on her mental–health issues. The court noted Clark's continued failure to demonstrate the ability to protect the children and keep them safe from harm. In March 2020, the circuit court found that Clark was "doing a lot better than she was before, but she still has not demonstrated that she can meet the needs of the children."

In July 2020, DHS petitioned to have the Sargents appointed as guardians of the children. The circuit court convened a hearing and received testimony from Clark, Clark's nurse practitioner, the DHS case worker, and the Sargents. In making its ruling, the circuit court first noted that "the Court of Appeals made it clear that it was in the best interest of the children to be placed in the grandparent's guardianship. They made it very clear, the Mandate did." The court found by clear and convincing evidence that DHS had proved that the guardianship is in the best interest of the children and had proved all the grounds as set out in the petition for guardianship. The court entered its written order accordingly, and Clark has timely appealed.

---

[2]In *Clark I*, this court stated, "On appeal, Clark concedes that DHS proved the statutory grounds for terminating her rights. Clark is therefore deemed an unfit parent in the law's eyes." 2019 Ark. App. 223, at 2, 575 S.W.3d at 579.

In juvenile proceedings, the standard of review on appeal is de novo, although we do not reverse unless the circuit court's findings are clearly erroneous. *Ingle v. Ark. Dep't of Hum. Servs.*, 2014 Ark. 471, 449 S.W.3d 283. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* This court gives due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. *Mosher v. Ark. Dep't of Hum. Servs.*, 2015 Ark. App. 111, 455 S.W.3d 367.

Arkansas Code Annotated section 28-65-210 (Repl. 2012) provides that before appointing a guardian, the court must be satisfied that (1) the person for whom a guardian is prayed is either a minor or otherwise incapacitated; (2) a guardianship is desirable to protect the interests of the incapacitated person; and (3) the person to be appointed guardian is qualified and suitable to act as such. When the incapacitated person is a minor, the key factor in determining guardianship is the best interest of the child. *Light v. Duvall*, 2011 Ark. App. 535, 385 S.W.3d 399.

While Clark does not contest that her children are minors, she does argue that the guardianship was unnecessary and that DHS failed to prove the guardians were qualified under the statute to act as such. First, Clark asserts that the only evidence to support the need for a guardianship was the bare allegation that she was unfit, but DHS presented no current evidence showing that she remained an unfit parent. Clark acknowledges this court's statement that she had been deemed unfit, but she argues that this court's mandate, entered on 30 April 2019, was based on information from a hearing that had occurred two years earlier, while the guardianship hearing was convened fifteen months after this court's

4

mandate. Clark disputes that her unfitness was a permanent status that could not be remedied and argues that the Juvenile Code seeks to maintain and strengthen families and to resolve situations that have rendered parents unfit to care for their children. *See, e.g.*, *Benedict v. Ark. Dep't of Hum. Servs.*, 96 Ark. App. 395, 398, 242 S.W.3d 305, 309 (2006) ("[T]here is a presumption that DHS will provide services to preserve and strengthen the family unit."). Because DHS failed to present sufficient evidence that she remained unfit and that the guardianship was necessary, Clark asks that we reverse the guardianship order.

We hold that Clark's fitness as a parent was not an issue before the circuit court upon remand because this court's finding that she is unfit is law of the case. The law-of-the-case doctrine holds that a decision of an appellate court establishes the law of the case for a circuit court upon remand and for the appellate court itself upon further review. *Farrell v. Farrell*, 2020 Ark. App. 250, 600 S.W.3d 640. Consequently, DHS was not required to present additional evidence as to Clark's unfitness. The circuit court was limited in its scope on remand and properly considered only whether placement with the Sargents was in the children's best interest.

Clark also argues that the State failed to prove that the Sargents are qualified to act as guardians. According to Ark. Code Ann. § 28-65-203(a)(1)(D) (Supp. 2019), a person is qualified to be appointed a guardian if, among other things, he or she is not a convicted and unpardoned felon. Section 28-65-203(f)(2) provides that unless the guardian is nominated by will, bond may not be dispensed with. In its petition for guardianship, DHS described the Sargents as "out-of-state residents over the age of 18, and of sound mind as guardians of the persons of [JS] and [AS]. The proposed guardians are not a [sic] convicted and

5

unpardoned felons." The circuit court's order granting the guardianship stated that the Sargents were "hereby found suitable and capable" and that "[p]ursuant to Ark. Code Ann. § 28-65-215 the requirement of bond of the guardians is waived inasmuch as petitioner is seeking a guardianship of the persons only."[3]

On appeal, Clark argues that DHS failed to present sufficient evidence that the bond requirement had been satisfied or that the Sargents were not convicted and unpardoned felons. Clark also asserts that she was not required to raise these objections below because they are related to the sufficiency of the evidence at a bench trial. *See Cogburn v. Wolfenbarger*, 85 Ark. App. 206, 148 S.W.3d 787 (2004) (holding that medical evaluations were insufficient to support appointment of a guardian and that it was not incumbent upon appellant to ask the trial court to consider the relevant statutes that must be satisfied prior to a finding of incapacity).

We disagree with Clark's assertion and hold that she was required to raise these arguments below because the arguments do not challenge the sufficiency of the evidence supporting the guardianship. If she believed the circuit court was appointing unqualified guardians, then she was obligated to raise that issue to the circuit court. *See Ingle v. Ark. Dep't of Hum. Servs.*, 2014 Ark. 53, 431 S.W.3d 303 (holding appellant's argument that the circuit court's actions were not authorized by statute was not preserved because no objection was made below).

---

[3]Arkansas Code Annotated section 28-65-215(a) provides that "[i]f the guardianship is to be of the person only, the amount of the bond shall not exceed one thousand dollars ($1,000), or the court may dispense with the bond."

For her final argument, Clark says that even if a guardianship was necessary, she is qualified and suitable to serve as the children's guardian and is the preferred option under the statute. Section 28-65-204(a) provides that the parent of an unmarried minor, if qualified and, in the opinion of the court, suitable, shall be preferred over all others for appointment as guardian of the person. Ark. Code Ann. § 28-65-204(a) (Repl. 2012). This natural-parent preference does not automatically attach to a child's natural parents; it is within the circuit court's discretion to determine whether a parent is qualified and suitable under section 28-65-204(a). *Fletcher v. Scorza*, 2010 Ark. 64, 359 S.W.3d 413.

Clark argues that the circuit court did not determine whether she was a suitable and qualified natural parent; instead, the circuit court cited this court's mandate in finding that guardianship with the Sargents was in the children's best interest. Again, we hold that the circuit court was limited by our mandate. The sole issue before it was whether granting the Sargents a guardianship was in the children's best interest. In addition, Clark never requested that the court find her suitable or qualified, and this court has consistently held that we "will not reverse a [circuit] court for failing to do what it was never asked to do." *McLaughlin v. State*, 2013 Ark. App. 26, at 3 (citing *Engram v. State*, 341 Ark. 196, 205, 15 S.W.3d 678, 683 (2000)).

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*Tabitha McNulty*, Arkansas Commission for Parent Counsel, for appellant.

*Andrew Firth*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Casey D. Copeland*, attorney ad litem for minor children.