Cite as 2023 Ark. App. 229

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-735

|  |  |  |
|---|---|---|
| | | Opinion Delivered April 19, 2023 |
| KATHARENA FLOWERS | | |
| | APPELLANT | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70JV-21-39] |
| V. | | |
| | | HONORABLE EDWIN KEATON, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | | |
| | | AFFIRMED |
| | APPELLEES | |

## N. MARK KLAPPENBACH, Judge

Katharena Flowers appeals from an order of the Union County Circuit Court granting guardianship of two of her children to her brother and sister-in-law, Herbert Flowers and Tenesha Flowers. Appellant argues that the Arkansas Department of Human Services (DHS) failed to prove the statutory requirements for a guardianship or that a guardianship was in the children's best interest. We affirm.

On May 3, 2021, appellant was pulled over while driving with her two six-year-old children in the car. Appellant was arrested and charged with driving under the influence, endangering the welfare of a minor, and several other traffic violations. At the time of the stop, appellant's driver's license was suspended, and the children were not wearing seat belts.

There was no responsible caregiver available; accordingly, DHS exercised emergency custody over the children.

Appellant told a caseworker that she was pulled over when she was returning home from visiting her older child, who was staying with a grandmother in Louisiana. Appellant claimed that she had taken a prescription medication that she could not remember the name of about six hours earlier, and it must have "kicked in" when she was driving. She said that her doctor thinks she may have bipolar disorder and had been switching her medications. Appellant's brother, Herbert Flowers, and his wife, Tenesha, completed paperwork to be considered as a provisional foster home for the children. In an amended petition for dependency-neglect and the accompanying affidavit, DHS noted that a third party had filed for guardianship of appellant's older child. That child is not involved in this case.

Appellant's two six-year-old children were adjudicated dependent-neglected based on appellant's stipulation that in late April and early May 2021, she was under the influence of illegal drugs, which inhibited her ability to provide proper care for her children. The court found that appellant was unfit to have custody due to continued illegal drug use. The court made reunification the goal of the case and ordered appellant to comply with the case plan and court orders, including abstaining from illegal drugs and alcohol. When the case was reviewed in November 2021, the court found that appellant had partially complied with the case plan but was still unfit to have custody. The court's order states that appellant admitted drinking alcohol, and it was unknown if she was continuing to use illegal drugs. At the next review hearing on January 31, 2022, the court found that there had been "some deficiencies"

2

in appellant's compliance with the case plan. Nevertheless, the court granted appellant unsupervised weekend visitation, but it ordered her not to drive with the children. After only one weekend, however, the court entered an ex parte order stopping unsupervised visitation. The case was reviewed again in March 2022, at which time the court found that the children still could not be returned to appellant's custody and added the order that appellant shall not be around anyone drinking alcohol or using drugs.

A permanency-planning hearing was held on April 18, 2022, and the court changed the goal of the case to guardianship with the children's aunt and uncle, Tenesha and Herbert Flowers. The court found that appellant was unfit for custody or even a trial placement because she continued to have alcohol in her home, continued to drive while having her license suspended, failed to do what was necessary to get her license reinstated, and failed to ensure that her home was a safe environment for the children. DHS subsequently filed a petition requesting that Tenesha and Herbert Flowers be appointed as co-guardians of the children to provide them a permanent placement.

A hearing on the guardianship petition was held in August 2022. Caseworker Ieshia Howard testified that DHS recommended that the court grant the guardianship. Howard said that the issues the court found at the permanency-planning hearing were still present; however, appellant told her that she would be completing her classes for reinstatement of her license on Saturday. Howard said that DHS had been waiting for appellant to get her license since the case began more than fifteen months earlier. She confirmed that one of the reasons the court changed the goal was the failed unsupervised visitation in which

3

appellant drove the children without a license. Howard said that appellant had missed two visits with the children since June, and she had reportedly quit her job. Howard said that she did not know whether appellant was still consuming alcohol because DHS had been relieved of providing services, including alcohol screenings.

Herbert Flowers testified that he and his wife had been the children's foster parents for more than a year. Tenesha Flowers acknowledged that at the last hearing, appellant suggested she did not want to have any dealings with Herbert, and Tenesha asked appellant to call her to work out a visitation schedule. Tenesha testified that appellant had not contacted her, but Tenesha believed they could work something out going forward.

Appellant testified that she was still employed at a hotel, and although she had walked out during a shift one day, she returned and was never fired. She said that she had missed one visitation because she could not get off work. Appellant gave conflicting testimony regarding whether she had provided paystubs to DHS. Appellant testified that she would soon be taking her last class to have her license reinstated, and she had arranged a ride to the class in Magnolia. She acknowledged that she testified at the permanency-planning hearing that she planned to complete her classes for her license in May, but she said that this did not occur because she lacked transportation to the classes.

When asked if she had had another arrest, stop, or ticket for driving without a license since the last court hearing, appellant stated that she could not recall. She also said that she did not recall the total number of times she had been stopped for driving without a license, when the last time was, or where she had been stopped. Appellant said that she did not

4

recall the number of criminal cases she had open in Union County, what any charges were, or her next court date. She claimed that "criminal court has nothing to do with DHS court." She testified that she had been on probation in Ouachita County for six years for theft of property but that her probation would end in September. She disputed whether there was a guardianship of her older daughter but said that she spends time with her.

Appellant said that she would be able to work out visitation with Tenesha but not Herbert because he had been calling her names in messages and online. She testified that she planned to appeal if the court granted the guardianship. A CASA report, which recommended the guardianship be granted, was admitted into evidence. The report stated that appellant had missed several visits and that this upsets the children; furthermore, it was reported that one of the children acted out after visits with appellant. Both children had completed trauma-focused cognitive behavioral therapy, and one child needed to continue therapy. The report stated that Herbert and Tenesha provided a stable home for the children and have their best interests in mind.

In its oral ruling, the circuit court found that there is a need for the guardianship and that Herbert and Tenesha are suitable. The court found that appellant had not complied with the case plan and court orders and that services would not result in reunification. The order appointing Herbert and Tenesha as guardians recited the court's permanency-planning-hearing finding that appellant was unfit and that the children could not safely be placed in her custody. The order stated that the children needed a guardian to provide a permanent home, and Herbert and Tenesha are suitable and capable.

In juvenile proceedings, the standard of review on appeal is de novo, although we do not reverse unless the circuit court's findings are clearly erroneous. *Clark v. Ark. Dep't of Hum. Servs.*, 2021 Ark. App. 190, 625 S.W.3d 362. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* This court gives due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. *Id.*

Arkansas Code Annotated section 28-65-210 (Repl. 2012) provides that before appointing a guardian, the court must be satisfied that (1) the person for whom a guardian is prayed is either a minor or otherwise incapacitated; (2) a guardianship is desirable to protect the interests of the incapacitated person; and (3) the person to be appointed guardian is qualified and suitable to act as such. When the incapacitated person is a minor, the key factor in determining guardianship is the best interest of the child. *Clark*, *supra*.

Appellant argues that a guardianship was not necessary to protect the needs of her children because there was a "less restrictive alternative" to the guardianship—placement with her.[1] She argues that she is employed, that there was no evidence that she did not have an appropriate home, and that there was no evidence that she was still consuming alcohol. She contends that the failure to have her driver's license reinstated is not a sufficient reason to

---

[1] Arkansas Code Annotated section 28-65-213(c)(1) (Repl. 2012) provides that if the proposed ward is found to be incapacitated, the court shall determine the extent of the incapacity and the feasibility of less restrictive alternatives to guardianship to meet the needs of the respondent.

6

grant a guardianship, that DHS offered no evidence regarding criminal charges, and that the caseworker offered no testimony concerning completion of services or compliance with the case plan and court orders. Appellant acknowledges the court's finding at the permanency-planning hearing that she is unfit to have custody, but she argues that there was insufficient proof that she remained unfit at the time of the guardianship hearing, which was four months later. She argues that DHS failed to present information as to her current circumstances that would show that a guardianship was necessary or that it was in the best interest of the children.

Although appellant argues that she was ready, willing, and able to assume custody, the testimony she cites to support this assertion is simply her statement that she did not agree with the guardianship and would appeal. Appellant never testified that she wanted to be considered guardian or to be given custody, and her attorney never argued as much. As we stated in *Clark*, *supra*, appellant never requested that the court find her suitable for custody, and we will not reverse a circuit court for failing to do what it was never asked to do. Furthermore, appellant did not appeal from the permanency-planning order in which the court found that she was unfit for custody. Appellant's less-restrictive-alternative argument essentially challenges the court's permanency-planning order changing the goal of the case from reunification to guardianship. *See Coulter v. Minor Child*, 2021 Ark. App. 398, 636 S.W.3d 377. Appellant's failure to designate the permanency-planning order or the transcript of the hearing in her notice of appeal precludes our review of findings made in

the permanency-planning order. *Id.* Accordingly, we hold that appellant has failed to preserve any argument that the court should have awarded her custody.

The evidence presented established that in May 2021, appellant was charged with DUI and endangering the welfare of a minor; the children had remained out of her custody since that time for more than fifteen months; appellant had failed to have her license reinstated; unsupervised visitation had failed because appellant drove the children against the court's order and against the law; appellant was on probation for theft of property; appellant was evasive when questioned about traffic stops and criminal charges; appellant had missed some visits with the children; one child has issues after visiting with appellant; the court found that appellant had failed to comply with the case plan and court orders regarding alcohol in her home and driving with a suspended license; and the court found that further services would not result in reunification. For more than a year, the Flowerses had provided the children a stable home. Under these circumstances, we hold that the circuit court did not clearly err in finding that the guardianship was desirable and in the children's best interest.

Affirmed.

WOOD and HIXSON, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor children.